HAVELICK v. HAVELICK.

1. **Will:** PRACTICE. A will allowed by the County Court may be contested either by an appeal from the order of allowance, or by an original proceeding in the District Court.

2. **Practice:** EXCEPTIONS. The Supreme Court will not reverse a judgment on the ground that the court below refused to give certain instructions asked by the appellant, when no exceptions were taken to such refusal at the time.

3. **New trial:** VERDICT AGAINST EVIDENCE. In cases of doubt, the Supreme Court will not reverse a judgment on the ground that the verdict was against the weight of evidence.

*Appeal from Chickasaw District Court.*

WEDNESDAY, APRIL 19.

THIS was a proceeding by the children, to set aside an instrument, and the allowance thereof by the County Court, purporting to be the last will and testament of their father, Malichi Havelick. The grounds alleged are, that the testator had not, at the time of making said will, a sound and disposing mind; because the execution of the same was obtained by the fraud of the defendant (the executrix) and others; and alleging a want of notice of probate of the same. Issue was taken, which was tried by a jury; verdict for plaintiff, judgment accordingly, and defendant appeals.

*J. H. Powers* for the appellant.

*Milo McGlatherey* for the appellee.

WRIGHT, Ch. J.— I. The Revision (§ 2329) declares that wills proved and allowed by the County Court are to be carried into effect; and such allowance shall be taken as evidence of the due execution of the same, unless set aside by an *original* or appellate proceeding in the District Court. The petitioners were, therefore, not confined to their appellate remedy after the allowance of the will by the County Court, but could properly commence this their original action to set the same aside.

1. WILL: practice.

II. Appellant in argument objects to the refusal of the court to give certain instructions. To such refusal there was no exception at the time; and we cannot, therefore, consider the correctness of such refusal.

2. PRACTICE: exceptions.

III. Was the verdict against evidence? Not so clearly so as to warrant a reversal. There was a mass of testimony,

3. NEW
TRIAL:
verdict
against
evidence.

some of it conflicting, upon a subject frequently very difficult to determine. That the jury might not have reached fairly and consistently the opposite conclusion, may be readily admitted. But the most that can well be claimed is, that the case, upon the testimony, is one of doubt, and the verdict cannot, therefore, be disturbed.

IV. The judgment is not as formal and full as it should be. This, however, is not a matter of which defendant can complain.

The order below is therefore affirmed, with instructions to the court below to enter judgment in terms setting aside said will and allowance.