## GILRUTH v. GILRUTH.

**Will: JURY TRIAL.** Upon the probate of a will a jury trial cannot be demanded as a matter of right; and, where one had been granted, it was not error to set aside the finding of fact by the jury.

*Appeal from Scott Circuit Court.*

THURSDAY, APRIL 22.

ON the second day of June, 1873, James H. Gilruth filed in the Scott Circuit Court an instrument in writing purporting to be the will of James Gilruth, deceased. At the hearing for the probate of said will in the Circuit Court, Thomas W. Gilruth resisted the allowance of the same on grounds following:

1. That the testator was mentally incapacitated to make the will.

2. That it was procured by the undue influence of James H. Gilruth, the son, and Mary Gilruth, the widow of the testator.

The appellant demanded a jury trial as a matter of right. The court decided that the trial by a jury in the probate and allowance of a will in the Circuit Court was not a matter of right, but that he had discretionary power to submit the questions of fact to a jury, and he thereupon referred to a jury for their special findings the following questions, to-wit: "Was the testator, James Gilruth, of sound mind at the time of the execution of the instrument purporting to be his last will? Was the said will of the said James Gilruth procured by undue influence."

The jury answered that the testator was of sound mind, and that the will was procured by undue influence.

Upon motion of appellee, the court set aside the second finding of the jury, and probated and allowed the will.

Thomas W. Gilruth appeals.

*Foster & Ingham*, for appellant.

*Davison & Lane*, for appellee.

DAY, J.—Prior to the enactment of Chapter 86, Twelfth General Assembly, the county court had jurisdiction of the probate of wills. Revision, §§ 274 and 2304. In the county court, a trial by jury could be demanded in those cases only in which such trial was expressly given. Revision, § 273. Chapter 100 of the Revision, containing the provisions for the probate of wills, does not confer the right of a trial by jury, and it may be assumed that in the county court, upon the question of the probate of a will, a jury could not be demanded. The admission of a will to probate was not, however, conclusive upon the parties adversely interested. An appeal might be taken to the District Court, (Rev., § 267,) or the party might ignore the proceedings in the Circuit Court, and commence an original action to set the will aside. Sec.

2329 of the Revision, as amended by Sec. 6, Chap. 158, Laws Thirteenth General Assembly, is as follows: " Wills shall not be carried into effect unless thus allowed, and such allowance is conclusive as to the due execution of the will, unless set aside by an original or appellate proceeding." See also, *Havelick v. Havelick*, 18 Iowa, 418. Chapter 86, Laws Twelfth General Assembly, Sec. 3, confers upon the Circuit Court exclusive jurisdiction of all matters relating to the probate of wills.

Appellant's argument is that the proceeding to probate a will is not of an equitable nature, and, therefore, the court had no right to refuse a jury trial, nor to disregard the finding of facts, after having submitted them to a jury. We, however, can discover nothing in the provisions transferring the jurisdiction in matters relating to the probate of wills to the Circuit Court that indicates an intention to provide in that court for a different mode of trial. Sec. 9 of the chapter above referred to provides that all statutes now in force respecting the pleading and mode of trial in actions of law or in equity shall be deemed applicable to said Circuit Court, except where the same may be inconsistent with the provisions of this act. The Code of 1873, under which this proceeding was had, contemplates that, notwithstanding such procedure, interested parties may institute an original action to set the will aside. Sec. 2353 of the Code of 1873 is as follows: " Wills, foreign or domestic, shall not be carried into effect until admitted to probate, as hereinbefore provided, and such probate shall be conclusive as to the due execution thereof, until set aside by an original or appellate proceeding." It is plain that the effect of the probate of a will in the Circuit Court is the same as was the effect of a like proceeding under the former practice in the county court. And there is nothing to indicate that it is to be conducted in a different manner. Such a construction works no prejudice to those interested adversely to the will; as it is competent for them, notwithstanding the probate of the will, to institute a direct proceeding to set it aside, in which the right of trial by jury can be secured.

Appellant cites *Pelamourges v. Clark*, 9 Iowa, 1, and *Havlick v. Havlick*, 18 Iowa, 414. The former was an appeal from an order of the county court refusing to admit a will to probate, and the latter was an original proceeding in the District Court to set a will aside. They are consequently not in point.

As the court might properly have refused to submit the question of fact involved in the case to a jury, he did not err in setting aside the facts as found by the jury, and in determining the questions anew. It is objected that the court did not, after setting aside the findings of the jury, make any finding of fact in the case. But the court was not requested, and hence was under no obligation to find specifically the facts, if in any event he should be required to do so. The determination to admit the will to probate embraces in it a finding against appellant of the facts upon which he resisted the probate of the will.

AFFIRMED.