GREGG *et al.* v. MYATT *et al.*

1. **Wills: PROBATE: ACTION TO SET ASIDE: FORMER ADJUDICATION.**
Under Code, section 2353, providing that the probate of a will
shall be conclusive until it is set aside in an original or appellate
proceeding, any person interested, and who was not made a party
to the probate proceeding by personal service of notice, and who
did not appear therein, may maintain an original action to set
aside the probate. The publication of notice of the probate pro-
ceeding does not render the order admitting the will to probate
*res adjudicata* as against those who have no personal notice and
do not appear. (See opinion for citations.)

2. ———: ———: **NATURE OF PROCEEDING: NOTICE.** Proceedings for
the probate of a will are adversary, and not *in rem*, and therefore
personal service or actual appearance is necessary to make the
order therein conclusive upon parties interested. (See *Boyles v.
Boyles*, 37 Iowa, 592.)

*Appeal from Carroll District Court.*—HON. J. H.
MACOMBER, Judge.

FILED, MAY 23, 1889.

ACTION in chancery to set aside a will which had
been duly admitted to probate, on the ground that it
was executed by the testator through undue influence.
The answer alleges that the will was admitted to probate
after notice, and that plaintiffs are therefore barred and
estopped to maintain this action. A demurrer to this
allegation of the answer was sustained. Defendants,
standing on their pleading, appeal to this court.

*Benj. I. Salinger*, for appellant.

No appearance for appellee.

BECK, J.—I. The answer, and exhibits constituting
a part of it, show that notice by publication in a
newspaper was given of the day fixed for
the probate of the will. It appears that the
will was admitted to probate upon the
evidence of the subscribing witnesses,
without contest or objection.

II.   Code, section 2353, is in this language: "Wills, foreign or domestic, shall not be carried into effect until admitted to probate, as hereinbefore provided, and such probate shall be conclusive as to the due execution thereof, until set aside by an original or appellate proceeding." It has been held by this court that the probate of a will may, under this section, be assailed or reviewed by original proceedings. *Leighton v. Orr*, 44 Iowa, 679; *In re Middleton*, 72 Iowa, 424. But it will be observed that in these cases it is not shown that there was personal service of notice of the probate of the will, or that the parties assailing the will by original proceedings appeared in the probate proceedings, and contested the validity of the will. In *Smith v. James*, 74 Iowa, 462, we held that, when parties prosecuting an original proceeding to set aside a will admitted to probate appeared in the probate proceedings, made contest, had a trial, and waived a jury, they were estopped by the probate of the will, and could not prosecute an original proceeding to set it aside. It will be observed that under the two cases first cited the probate of a will was not shown to have been had in a proceeding of which plaintiffs in an original proceeding to set aside the probate and will had notice, or in which they appeared and contested the wills. In these cases it was held that plaintiffs might maintain an original action assailing or reviewing the probate of the will. In the last case cited it is held that, where there was an appearance in the probate proceedings and contest of the will, and waiver of trial by jury, the parties so appearing and contesting the will cannot prosecute an original proceeding to set it aside. These decisions are harmonious with each other, and with Code, section 2353, and in accord with familiar rules of the law, which will not permit one to be bound by an adjudication of a court when he was not a party to the proceeding in which it was had, or had no opportunity to appear therein and contest in support of his rights. It is not to be presumed that the legislature intended Code, section 2353, to conflict with these rules. This section

declares that the probate of a will shall be conclusive, until set aside by an original or appellate proceeding. When may it be set aside? (1) By appeal in the probate proceeding; (2) by an original proceeding, as in this case. When and by whom may an original proceeding be prosecuted to set aside the probate of a will? By parties who are not estopped by the adjudication in the probate proceeding. When parties have not had notice of the probate proceedings, have not appeared therein, and contested or waived their rights to contest the probate in the manner prescribed by law, they are not so estopped, and may prosecute an original action to set aside the probate of a will. The policy of our law requires personal notice, when parties are sought to be bound personally by adjudications. Hence notice by publication, in the absence of appearance and contest in the probate proceedings, will not bind parties who prosecute original proceedings. Notice of that kind is only recognized by our laws as sufficient in proceedings *in rem;* probate proceedings do not belong to that class. *Gilruth v. Gilruth*, 40 Iowa, 346; *Havelick v. Havelick*, 18 Iowa, 414, and *Otto v. Doty*, 61 Iowa, 23, are not in conflict with these views. There may be in one or more cases expressions used *arguendo*, and not based upon the facts of the case, which tend to support the position that original proceedings may be prosecuted, without restriction, to set aside the probate of a will. The points decided in the cases are not in conflict with our conclusions in this case. As the record before us fails to show personal service of notice of the probate proceedings upon the plaintiffs in this action, or that they appeared and made or waived contest in that proceeding, they are not bound thereby. The court rightly sustained the demurrer to defendant's answer. The judgment of the district court is AFFIRMED.

Gregg v. Myatt.

OPINION ON REHEARING.

[FILED, OCTOBER 28, 1889.]

BECK, J.—A petition for rehearing filed in this case demands brief attention. Counsel fail to state in it, with accuracy, the points decided in the foregoing opinion, and assail rather the arguments than the conclusions announced thereon. The remark in the opinion that notice by publication, in the absence of appearance and contest, "is only recognized by our laws as sufficient in proceeding *in rem;* probate proceedings do not belong to that class,"—is criticised, and its correctness is denied. Counsel assert in their petition for rehearing, with great positiveness and confidence, that "before this case was decided the Iowa reports did not contain one holding such proceedings not to belong to those *in rem.*" It is a matter of astonishment that the learned counsel, while charging in direct language that the cases on the subject were overlooked by this court, should have failed to discover the quite familiar case of *Good v. Norley,* 28 Iowa, 188, in which the court was equally divided upon the question whether probate proceeding were adversary or *in rem,* and the respective views were fully discussed in the light of authorities. The views of the judges holding that these proceedings were adversary and not *in rem* were approved and concurred in by a unanimous court in *Boyles v. Boyles,* 37 Iowa, 592, and have not since—for sixteen years—been questioned. It was cited in *Washburn v. Carmichael,* 32 Iowa, 475. Surely it is not now an open question in this state whether probate proceedings are adversary or *in rem.* But it will be observed that the rule was stated in the foregoing opinion *arguendo,* rather than in the announcement of a decision upon the law of the case. The following decisions, not cited in the foregoing opinion, are in accord with the conclusion we reach in the case, and support it: *Lorieux v. Keller,* 5 Iowa, 196; *Fallon v. Chidester,* 46 Iowa, 588. The petition for rehearing is

OVERRULED.