W. S. WILLARD, Appellee, v. MARIA WRIGHT *et al.*, Appellants.

Will : VALIDITY : LIMITATION OF ACTIONS. In an action to quiet the title to certain real estate, the defendants filed a cross-petition, alleging that the will under which the plaintiff claimed was invalid for reasons stated, and that the probate thereof was obtained by the plaintiff through fraud. The action was commenced more than six years after the probate of the will. *Held*, that actions assailing the validity of wills must be brought within five years after their admission to probate, and that the defendants' cross-petition should. therefore, be dismissed. [ROBINSON, J., *dissenting*.]

*Appeal from Lyon District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

THURSDAY, MAY 29, 1890.

ACTION to quiet the title to lands. There was a decree granting the relief prayed for in plaintiff's petition, from which defendants appeal.

*J. M. Parsons*, for appellants.

*E. C. Roach* and *Van Wagenen & McMillan*, for appellee.

BECK, J.—I. The petition alleges that the plaintiff is the owner in fee simple of certain lands, and that defendant makes some claim thereto. The relief asked is that the title of the lands be quieted in plaintiff. The defendants in a cross-petition allege that they hold the lands as heirs of S. B. Willard, who died seized thereof; that before his death he made a will devising the property to plaintiff; that it was signed by but one witness, and the testator at the time of the signing of the will was not possessed of his reason, and that after the death of the testator, the plaintiff fraudulently obtained possession of the will, and fraudulently procured it to be admitted to probate, and caused himself to be appointed as administrator; that he made a final report, and caused a temporary executor to be appointed, who executed a deed to plaintiff for the land in controversy. The relief prayed for in the cross-petition is that the deed executed by the temporary executor be set aside, and that the will be held for naught. The plaintiff in reply denies the allegations of fraud in the cross-petition, and other allegations, which are not expressly admitted, and in an amendment alleges that the cause of action set up in the cross-petition is barred by the statute of limitations. A further recitation of the allegations of the pleadings is not required.

II. In our opinion, the cause must be finally disposed of upon the defense of the statute of limitations, pleaded to defendants' cross-petition. Defendants in that pleading allege the invalidity of the will, and the probate thereof, on the grounds that the testator was *non compos mentis* when it was executed; that it was signed by only one witness before the testator's death, and that the plaintiff fraudulently obtained possession of it, and fraudulently procured its admission to probate, his own appointment as executor, the appointment of a

temporary executor, and the execution by him of a deed to the plaintiff. They pray in effect that the will and probate thereof be set aside. They allege in their cross-petition a cause of action, which if established by proof entitled them to that relief. It will be understood that the cross-petition is an institution of an *action* to avoid the will and the probate thereof. This action is permitted to be prosecuted as a defense to plaintiff's action, on the ground that if it is successful it will defeat plaintiff's action, and for the convenience of the parties, and to avoid the prosecution of two distinct and independent suits instead of one. The law and the practice long prevailing in this court permit the defendants to prosecute their action in this way, joined with the plaintiff's action. Their action is instituted by a pleading called a cross-petition, which in chancery practice is denominated a cross-bill. Code, sec. 2663. It cannot be doubted that the plaintiff may plead any defense to defendants' action presented in his cross-petition, which he could have pleaded, had defendants first brought the action. Nor could it be denied that, if plaintiff establishes his defense pleaded to the cross-petition, defendants' cross-action is defeated with the precise effects that would have followed had the defendants first brought the action. If plaintiff's defense to the cross-petition be established, the will, probate thereof and the deed to him by the temporary executor will all stand for naught, so far as plaintiff's right and claim are concerned. The reply of plaintiff to defendants' cross-petition alleges, and the evidence establishes, that the will was admitted to probate, October 2, 1882. The estate was settled under the will, but the dates of some of the proceedings, as that of the final report of the executor, seem to be erroneously given in the abstract. But these inaccuracies are unimportant, as they all rest upon the validity of the will, and the probate thereof. This action was commenced, January 24, 1889, more than six years and eight months after the probate of the will.

Now, it may be assumed for the purpose of the case that the probate of a will may be set aside after the final settlement of the estate thereunder, if timely proceedings therefor be instituted. We must, therefore, inquire if the defendants' cross-action to set aside the probate of the will, and the will itself, was commenced in time to escape the bar of the statute of limitations.

III. Actions "founded upon unwritten contracts, those brought for injuries to property, or for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery, and all other actions not otherwise provided for in this respect," must be brought within five years after these causes accrue. Code, sec. 2529, par. 4. There is no provision of the statute applicable to the cross-action brought by defendants in this case extending the period of limitation. Actions founded on written contracts, on judgments of any courts, except those otherwise provided for, and those brought for the recovery of real property, must be brought within ten years, and those founded upon the judgments of courts of record within twenty years. Code, sec. 2529, pars. 5, 6. These are the only provisions extending the period of limitations beyond five years. It is obvious that neither is applicable to the case in hand. It is claimed in argument that this is an action to recover real estate. The plaintiff's action may be, but defendants' cross-action is not. It is an action to invalidate a will, and to set aside the probate thereof. It is true that the judgment in the action may affect the title in the lands, as it incidentally affects a muniment of title. Other property and other interests are affected by the action, besides those pertaining to land. It cannot be said that an action to set aside and invalidate a judgment of a court of record is an action to recover land for the reason that it affects the titles to lands by removing or maintaining a lien thereon. Nor can it be said in this case that defendants' cross-action is to recover land for the reason that it seeks to set aside a will which is a part of the chain of title to lands. These considerations lead us to the conclusion that defendants' cross-action

is barred by the statute of limitations, and that they cannot defeat the plaintiff's action by assailing in the cross-action the probate of the will. It stands as an adjudication, and, as the time prescribed in which an action may be brought to set it aside has expired, the cross-petition must be dismissed.

II. The claim by defendants for rents of the land in question accruing since the death of the testator cannot be sustained. They claim as joint heirs with the plaintiff, alleging that he has appropriated the rent. But, as under the will he takes the land, of course the defendants are entitled to no part of the rent.

The decree of the district court is AFFIRMED.

ROBINSON, J. (*dissenting*).—I do not assent to so much of the foregoing opinion as holds that the right of action of defendants was barred in five years from the time it accrued. In my opinion the action instituted by the cross-petition is in the nature of an action "for the recovery of real property," and is governed by subdivision 5, of section 2529, of the Code. The phrase "real property" includes "lands, tenements, hereditaments and all rights thereto and interest therein, equitable as well as legal." Code, sec. 45, subdiv. 8. The pleadings show that the plaintiff took possession of the premises in controversy soon after the death of S. B. Willard, under claim of title thereto adverse to defendants, and that he has occupied them continuously since that time. Those facts are not only not denied, but plaintiff insists that defendants are estopped from questioning his title and right of possession, because for several years they acquiesced therein, without objection. It is true defendants ask that the probate of the will be set aside, and the will and all proceedings thereunder be declared null and void, but they also ask that each defendant be decreed to be the owner of an undivided one-sixth of the real estate in controversy, and that plaintiff be compelled to account to them for rents and profits since he took possession of the premises. It is evident that the

ultimate relief they desire is the recovery of the property in dispute, and the rents and profits, and that the setting aside of the probate of the will is a mere incident of that relief. They are interested in the probate proceedings only as they interfere with the recovery of their property rights.

It was said in *Wright v. Leclaire*, 3 Iowa, 221, 234, in effect, that an action to enforce the specific performance of a contract for the conveyance of real estate was as much an action to recover the land as an action of ejectment would be, and that the limitation of the statute in regard to the recovery of real property applied. In *Phares v. Walters*, 6 Iowa, 111, it was held that an action by a widow to recover her dower interest in land which belonged to the estate of her deceased husband, and for a partition thereof, was governed by the statute of limitations in regard to the recovery of real property. The case of *Williams v. Allison*, 33 Iowa, 280, was an action in equity to set aside a sheriff's sale, and quiet title to certain lots in Sioux City. Fraud was alleged as one of the grounds of the action. Subdivision 3, of section 2740, of the Revision of 1860, provided, that actions for relief on the ground of fraud in cases solely cognizable in courts of chancery should be barred in five years from the time the causes of action accrued. But this court held that as the relief sought was in part for irregularities in the sale, and had been granted in courts of law, the five years' limitation did not apply. The court also held that so far as the action related to the lots purchased at sheriff's sale by the defendant against whom the fraud was charged, it was an action for the recovery of real property, and that "the right to have the sheriff's sale set aside was one of the matters to be established in order to maintain the plaintiff's right to recover."

The only notice of the probate of the will in question was given by publication. There was no appearance by defendants in the probate proceedings. The case is within the rule announced in *Gregg v. Myatt*,

78 Iowa, 703. In that case it was said that the parties in interest who had not had notice of the proceedings to probate a will, and who had not appeared therein, were not estopped by such proceedings, and that such parties were not bound by a published notice. But, under the rule announced in the opinion of the majority in this case, such proceedings would have the effect to shorten the time for the recovery of the real property one-half. Indeed, there is ground for claiming that the rule will deprive a person situated as the defendants are in this case of the right to bring such an action until the probate proceedings are set aside. Under that rule plaintiff would have acquired a perfect title to the premises in dispute by virtue of the alleged will, and the probate proceedings, and the lapse of five years from date of probate, even though the defendants had been in actual possession of the premises during that time, under an adverse claim of title, without knowledge of the proceedings in probate. In other words in the case supposed they would have lost a perfect title by reason of proceedings to which they had not been made parties, and of which they had no notice. That seems to me to be contrary to the spirit of our laws, and contrary to the principle expressed in *Gregg v. Myatt, supra.*

In my opinion, under the rule of the case last named, the alleged will and the probate thereof, and the proceedings thereunder, gave to the plaintiff color of title which might have ripened into an absolute one after the expiration of ten years from the time defendants' cause of action accrued, but that during that time defendants have a right to maintain the action instituted by the filing of their cross-petition.