JOHN KELLY and PATRICK KELLY, Appellants, v. JAMES KELLY and THOMAS F. KELLY, Appellees.

**Wills:** PROBATE: EFFECT: ACTION TO SET WILL ASIDE. The admission of a will to probate without contest is a preliminary order which affects a *prima facie* establishment of the instrument, but does not cut off the right to contest its validity by an original action brought within the statutory five year period.

*Appeal from Iowa District Court.*—HON. R. P. HOWELL, Judge.

FRIDAY, DECEMBER 13, 1912.

ACTION to set aside a will. Demurrer to the petition sustained, and plaintiffs appeal.—*Reversed.*

*W. J. Baldwin* and *J. M. Dower,* for appellants.

*Yoss & Wallace* and *Popham & Havner,* for appellees.

WEAVER, J.—Margaret Kelly died testate October 31, 1910. She was unmarried and childless. Her only surviving heirs were her four brothers, James, Thomas F., John and

Patrick. By the terms of her will she gave the bulk of her property to James and Thomas F., making no mention of either John or Patrick. The instrument having been filed for probate, due notice of the proceeding was personally served in this state upon all the heirs, including John and Patrick. No objections were filed by any of the heirs, and upon the usual proof of its due execution the will was admitted to probate at the January, 1911, term of the district court of Iowa county. On November 18, 1911, John Kelly and Patrick Kelly instituted this action to set aside the will and the probate thereof on the ground that the testatrix was at the date of said instrument of unsound mind and incapable of making a valid testamentary disposition of her estate, and that the execution of the alleged will was obtained by undue influence. To the petition alleging the foregoing state of facts the defendants demurred on the following grounds: (1) A defect of parties in that the petition fails to make the executor of the will a defendant in the action; and (2) the petition shows upon its face that the plaintiffs were made parties to the probate proceedings and personally served with notice thereof, but failed to appear thereto or to contest the same in any manner whereby they became and are estoppel to deny the validity of the will or the sufficiency of the adjudication upon which it was admitted to probate. The demurrer was held by the trial court to be well taken, and plaintiffs electing to stand upon their petition without further amendment, the action was dismissed at their costs. From this judgment plaintiffs appeal.

Stated briefly, the question thus presented is whether appellants, as heirs of the deceased, after being notified of the proceedings and allowing the will to be probated without objection, may maintain an original action to set aside the probate and contest the validity of such will. The trial court answered this question in the negative, and we are asked to review the record and reverse such decision.

The right to maintain such action must be found, if at all, in the statute. So far as they have immediate bearing upon

the question, our statutory provisions are as follows: (1) Any person of full age and sound mind may dispose of all his property by will subject only to the rights of his creditors and of his surviving spouse if any. Code, section 3270. (2) The will must be in writing and duly witnessed. Code. section 3274. (3) The will must be filed in the proper court and a day fixed for the hearing at which any party in interest may appear and contest the probate. Issues so joined are triable to a jury. Code, section 3283. (4) The clerk must give due notice by publication of the time and place of such hearing unless a different notice is prescribed by the court. Code, section 3284. (5) The admission to probate when duly certified renders the will competent evidence in all courts without further proof. Code, section 3286. (6) Such probate is conclusive proof of the due execution of the will *until set aside by an original or appellate proceeding.* Code, section 3296. (7) *Action to set aside a will may be brought within five years* from the date when the instrument "is filed in the clerk's office and notice thereof is given." Code, section 3447.

Were the question one of first impression the writer of this opinion would strongly incline to the view upheld by the trial court, and say that the right to maintain an original action to set aside a will after due probate thereof is not available to a party in interest who had due notice of the proceedings and failed to appear or object thereto. To hold otherwise is to complicate the settlement of every estate where a testator has seen fit to exclude an heir from sharing in his bounty and cloud the title to all property so devised by the possibility of a successful contest being instituted at any time during a period of five years. Nor does it seem to the writer that the language of the statute necessarily demands such a construction, but the opposite view seems to have had judicial sanction too long to be unsettled except by legislative intervention. The provision which makes the probate of a will conclusive until set aside by an original or appellate proceeding has been a feature of the statute since early in the history of the state. Code of

1851, section 1297; Revision of 1860, section 2329; Code of 1873, section 2353; Code of 1897, section 3296. It has been quite uniformly interpreted as making the validity of a will the subject of investigation in an original action by a party in interest at any time within five years from the filing of such will for probate and the giving of notice thereof. In accordance with that theory, it has been held that: "Rights of a party claiming a distributive share in his ancestor's estate are not concluded by the order of the court admitting the will to probate. Such party may still, by proper proceedings, have the question, of his right to a portion of his ancestor's estate, determined. The admission of the will decides no question but its due execution and publication." *Lorieux v. Keller,* 5 Iowa, 201. In *Havelick v. Havelick,* 18 Iowa, 415, the plaintiff brought action to set aside a will which had been admitted to probate, and the court, after quoting the statute last above cited, says: "The petitioners were therefore not confined to their appellate remedy after the allowance of the will by the county court, but could properly commence this their original action to set the same aside." After the transfer of probate jurisdiction from the county court to the circuit court, question was raised involving this statute, and the court said: "It is plain that the effect of the probate of a will in the circuit court is the same as was the effect of a like proceeding under the former practice in the county court. Such a construction works no prejudice to those interested adversely to the will, as it is competent for them, notwithstanding the probate of the will, to institute a direct proceeding to set it aside." *Gilruth v. Gilruth,* 40 Iowa, 348. In *Kelsey v. Kelsey,* 57 Iowa, 383, the executor of a will which had been duly probated brought an action to construe some of its provisions. To this an heir of the testator appeared and by cross-bill asked to have the will declared void. It was held that this was equivalent to a direct attack upon the will in an original proceeding and as such could properly be maintained. The rule of the *Havelick* case was also affirmed in *Leighton v. Orr,* 44

Iowa, 683. In *Kirsher v. Kirsher*, 120 Iowa, 345, one of the parties urged the proposition that, when a will has once been duly admitted to probate, the order can only be set aside in an equitable action. To this the court in its opinion responds, saying: "The exact reverse of this contention was held in *Leighton v. Orr*, 44 Iowa, 679, and it has been the practice in this state for more than a quarter of a century; and, even if there were no judicial construction of the statute, we would hesitate long before departing from so venerable a rule."

This is not an exhaustive citation of our precedents upon the point under discussion, but they are sufficient to show their tenor and effect. The only exception to this rule is found in *Gregg v. Myatt*, 78 Iowa, 703, where the court, speaking by Beck, J., seem to distinctly hold that admission of a will to probate is final and conclusive as to all parties in interest personally served with notice thereof, and that the provision allowing subsequent original proceedings to set aside the will is for the benefit of those not served with notice or upon whom only constructive service has been had. While this decision has never been expressly overruled, it appears never to have been followed upon this point, and the distinction which it makes has nowhere else been recognized. Certain it is the statute does not in terms declare such distinction. Indeed, the statute provides for no notice other than by publication, though it recognizes the authority of the court by proper order to designate some other method of service. This fact gives color to the theory that the Legislature did not intend to give an order of admission to probate the conclusive effect of a final judgment in an ordinary adversary proceeding. The preservation of the estate and the protection of the interests of all concerned are ordinarily promoted by an early probate of the will and the appointment of an executor authorized to take charge of the property. This is accomplished by the simple and somewhat informal proceedings we have described; but, as construed by the court, the statute at the same time keeps the door of the court open for those who are aggrieved by the

terms of the will to sue for its cancellation until the statute of limitations erects a bar to such relief.

The rule thus approved is also applied in other jurisdictions. Thus it has been said by the Illinois court that the original probate of a will "is not designed as a final and conclusive determination of the testamentary capacity of the testator upon all the evidence that may be produced. The purpose is only to establish testamentary capacity *prima facie* in order that the will may be recorded, the estate cared for, and administration proceed." *O'Brien v. Bonfield,* 213 Ill. 428, (72 N. E. 1090); *Shaw v. Moderwell,* 104 Ill. 64; *Tate v. Tate,* 89 Ill. 42; *Knox v. Paull,* 95 Ala. 505, (11 South. 156); *Dillard v. Dillard,* 78 Va. 208. It has also been said that probate of a will is an incipient step to give jurisdiction, and the court may thereafter entertain a proceeding to set it aside. *Wall v. Wall,* 30 Miss. 91, (64 Am. Dec. 147).

In short, the accepted doctrine in jurisdictions having statutes similar to our own appears to be that admission of a will to probate originally without contest is a preliminary order or judgment which effects a *prima facie* establishment of the instrument, and gives the court and executor authority to proceed with the administration and settlement of the estate, but does not operate to cut off the right of contest in an original action within the statutory period of limitation. This court is, as we have already seen, committed to that construction of the statute, and, adhering to that rule, it follows that the judgment appealed from must be reversed. In so far as the decision in *Gregg v. Myatt, supra,* is inconsistent with this holding, it must be considered overruled.—*Reversed.*