IN RE ESTATE OF NANNIE A. PRICE.

W. E. PRICE, Administrator, et al., Appellants, v. FRANK
KIRKHAM et al., Appellees.

No. 45688.

NOVEMBER 12, 1941.

J. A. Beard, Grant L. Hayes, and Frank F. Wilson, for appellants.

Warin & Warin, Lewis & Lewis, and O. M. Slaymaker, for appellees.

MILLER, C. J.—Nannie A. Price died testate, a resident of Ringgold County, Iowa, on September 7, 1939. Her will was filed for probate on September 11, 1939. On September 19, 1939, the court "Ordered and Adjudged that Monday, September 25th, 1939, at nine o'clock A. M. at the Court House of Mount Ayr, Iowa be and the same hereby is fixed as the time and place of hearing on the probate of said will, and the Clerk of the District Court of Ringgold County, State of Iowa, is directed to give notice of time and place of such hearing by one publication in the Mount Ayr Record News on Thursday, September 21, 1939."

On September 21, 1939, there was published in the Mount Ayr Record News the following notice:

"State of Iowa, Ringgold County, ss.

"District court, in vacation.

"To all whom it may concern: Notice is hereby given, that an instrument in writing purporting to be the last will and testament of Nannie A. Price, deceased, was this day produced, opened and read by the undersigned, and that I have fixed the 25th day of September, 1939, as the day for hearing proof in relation thereto.

"Witness my official signature, with the seal of said court hereto affixed this nineteenth day of September, 1939.

"Asa W. Huggins,
"Clerk of the District Court."

On September 25, 1939, the following order was entered:

"Now on this 25th day of September, 1939, this cause came on for hearing for probate of the will of Nannie A. Price. ·

"And the Court having examined the affidavit of publication on file herein, finds that notice of said hearing was had by publication as ordered by the Court. And that the Court has jurisdiction of the subject matter of the parties hereto;

"Evidence in support of the execution of the will is heard and the Court having heard the evidence and being fully advised in the premises, finds that said will is entitled to be admitted to probate as the last will and testament of Nannie A. Price.

"And the Court from an examination of the will of Nannie A. Price, and being advised in the premises, finds that the person named executor, Jasper W. Price, is now deceased and no alternate was named in said will, the Court proceeded to name an administrator with the will annexed for the administration of said estate. •

"It is therefore Ordered that said instrument be administered to probate as the last will and testament of Nannie A. Price, and that W. E. Price be named as administrator with will annexed and that he give bond in the sum of twenty thousand dollars ($20,000.00) for corporate bond, or forty thousand dollars ($40,000.00) as private bond is provided and upon his qualification as such administrator with will annexed, that he give notice of his appointment as by law provided."

On the same day, W. E. Price qualified as administrator with will annexed. Notice of his appointment was published in the Mount Ayr Record News in four weekly publications commencing October 12, 1939, and posted in three places in Mount Ayr on October 6, 1939. Proof of publication of the notice of September 21, 1939, was filed October 16, 1939. Price has paid all claims against the estate except one, which is pending on demurrer. Part of the assets of the estate have been distributed and part of the inheritance tax has been paid. The estate is still open.

On March 11, 1941, Frank Kirkham, contestant, filed an application to set aside probate of the will and objections to its probate. Division I asserted that the will was not legally executed. It also asserted that the order of probate was void for the following reasons:

"That the Clerk did give one week's publication of notice, but in said notice, he did not specify the time fixed for said hearing, nor did he specify the place fixed for said hearing. That the said notice so given was wholly insufficient and the later purported act of the Court in probating said Will was and is void and of no force and effect, and the said Will has never been probated."

Division II of the application asserted that the execution of the will was procured by fraud, deceit, coercion and undue influence. The prayer was that the purported probate of the will be set aside, and, on the trial that it be held that decedent did not execute the will as required by law and that it is void because procured by fraud, deceit, coercion and undue influence.

The administrator filed resistance to said application. Division I contained a general denial. Division II asserted that proper proceedings had not been invoked. Division III asserted that jurisdiction of the court in probate is in rem and was not defeated by a defective notice. Division IV asserted that the notice complied with the requirements of the statute. Division V asserted that Kirkham had actual notice of the hearing. Division VI asserted that the application, being filed under chapter 552

of the Code, 1939, is barred by the statute of limitations. The prayer was that the application be overruled and dismissed.

Proponents filed a similar resistance. Various heirs intervened and joined in Kirkham's application and objections. Hearing was had on the application to set aside probate of the will because of insufficient notice thereof. The facts above reviewed were shown. The judge that admitted the will to probate stated that he did not have any personal knowledge of the matter excepting what the calendar sheet shows. It was stipulated that, since the will was admitted to probate, four terms of court had intervened in 1940 and one in 1941.

The court set aside the probate of the will and continued the cause on the issues presented by the claims that the will was not legally executed and was procured by fraud, deceit, coercion and undue influence. The order recites:

"The Court finds that it made an Order on the 21st day of September, 1939, which Order was filed September 25, 1939, ordering that September 25, 1939, at 9:00 o'clock A. M., in the Court House at Mount Ayr, Iowa, be fixed as the time and place for hearing on the probate of the Will of Nannie A. Price, deceased, and the Court further finds that the Order required the Clerk of the District Court of Ringgold County, Iowa, to give notice of the time and place of such hearing by one publication in the Mount Ayr Record News, in its issue of Thursday, September 21, 1939. The court further finds that the Clerk did not give such notice and that the notice so given by him only fixed the day, September 25, 1939, without any hour as the time for hearing, and that the said notice did not fix any place of hearing. The Court further finds that because of the failure of the Clerk to give notice as ordered and directed by this court, that the said notice was a nullity and that the later probate of the Will of Nannie A. Price was without jurisdiction and has no force and effect and therefore * * * is set aside, cancelled and held to be without force and effect.

"The appointment of William A. Price as administrator is set aside and he is removed and R. C. Smith is appointed Special

Administrator and his bond is fixed at $20,000—Surety Bond—to which all parties except.''

■ The administrator and proponents of the will have appealed to this court. They assert that the publication of the notice was sufficient since the proceedings are in rem and that no legal basis for setting aside the order of probate is shown. The exact question thus presented does not appear to have been previously decided by this court. After careful consideration of it, we hold that sufficient merit exists in the contentions of appellants to require a reversal herein.

At the outset we deem it important to consider the type of proceedings with which we are dealing. Appellants contend that the proceedings for the preliminary probate of the will were in rem, whereas appellees contend that they were adversary proceedings. Appellees cite, among other cases, Gregg v. Myatt, 78 Iowa 703, 705, 42 N. W. 461, 462, 43 N. W. 760, and Kelly v. Kelly, 158 Iowa 56, 138 N. W. 851. In the former case, we state (78 Iowa 705) as follows:

''The policy of our law requires personal notice, when parties are sought to be bound personally by adjudications. Hence notice by publication, in the absence of appearance and contest in the probate proceedings, will not bind parties who prosecute original proceedings. Notice of that kind is only recognized by our laws as sufficient in proceedings in rem; probate proceedings do not belong to that class.''

The foregoing language appears to be expressly overruled in Kelly v. Kelly, supra, wherein we state (158 Iowa 56, 61, 138 N. W. 851, 853) as follows:

''In short, the accepted doctrine in jurisdictions having statutes similar to our own appears to be that admission of a will to probate originally without contest is a preliminary order or judgment which effects a prima facie establishment of the instrument, and gives the court and executor authority to proceed with the administration and settlement of the estate, but does not operate to cut off the right of contest in an original action within the statutory period of limitation. This court is,

as we have already seen, committed to that construction of the statute, and, adhering to that rule, it follows that the judgment appealed from must be reversed. In so far as the decision in Gregg v. Myatt, supra, is inconsistent with this holding, it must be considered overruled.''

The rule announced by the language last above quoted appears to be in accord with the very recent decision of this court in the case of Gibbs v. Beckett, 229 Iowa 619, 622, 295 N. W. 165, 167, wherein we state:

''We agree with claimant's position that this rule does not apply to an action in rem and, as probate proceedings granting letters of administration is a proceeding in rem, the prior order, which adjudicated in effect that administration was originally granted within five years from the death of intestate, that is, adjudicated the validity of the appointment, is a prior adjudication.''

In order that the district court of Iowa, in and for Ringgold County might assert jurisdiction over the estate herein, it was necessary that Nannie A. Price be dead, with her domicile in that county at the time of her decease and leaving an estate to be administered in Iowa. The estate constituted the res. The fact of death and the domicile of the decedent completed the basis for jurisdiction in rem. The jurisdictional facts are shown herein without dispute. The only question is, was the notice that was published September 21, 1939, so fatally defective that the jurisdiction was defeated. We hold that it was not.

 There are two methods of administration of an estate. The choice depends upon whether the decedent died testate or intestate. The filing of the will herein indicated the nature of the administration. However, it was necessary for the court to enter a preliminary order or judgment effecting a prima facie establishment of the will before the choice could be definitely determined. A hearing was necessary. Section 11865 of the Code, 1939, provides that notice of the time fixed for the hearing may be given by publication addressed to all whom it may concern in a daily or weekly newspaper once each week for three

consecutive weeks, the last publication to be at least ten days before the time fixed for hearing. The section also provides, "The court or the judge in vacation, or clerk, in his discretion, may prescribe a different notice." Here the court prescribed a different notice. The notice that was prescribed was proper. In re Will of McKinstry, 204 Iowa 487, 215 N. W. 497. Publication thereof was had and the notice that was published substantially complied with the order which the court entered.

The order fixed nine o'clock a. m., September 25, 1939, in the Court House at Mount Ayr, Iowa, as the time and place for hearing and directed that the clerk give notice of the time and place of the hearing by one publication in the Mount Ayr Record News, Thursday, September 21, 1939. The clerk published the notice in the Mount Ayr Record News on Thursday, September 21, 1939. It recited that the will had been produced, opened and read and that the 25th day of September, 1939, was fixed as the day for hearing in relation thereto. Section 11865 does not require the notice to state either the time of day or the place of hearing. The fact that the order of court included the time of day and the place of hearing and directed that the notice state the time and place does not mean that, when the notice failed to include the time of day and the place of hearing, it was so fatally defective as to defeat the jurisdiction of the court.

As far as the failure of the notice to state that the hearing would be at nine a. m. is concerned, we consider this criticism hypercritical. Were we to hold that failure of a probate notice to fix the hour at which a hearing is to be held is so fatally defective as to defeat jurisdiction in rem of the probate court, undoubtedly numerous probate proceedings would be placed in jeopardy because of the existence of such a defect. We are unwilling to subscribe to any such strict rule of interpretation. Regarding the place of hearing, we think this is also too technical. The notice shows on its face that it pertains to the district court of Ringgold County, Iowa. It is signed by the clerk of that court. In the absence of any showing to the contrary, the natural inference would be that any hearing conducted by the district court of Ringgold County, Iowa, would be held at the court house in Mount Ayr, Iowa.

We feel that this position is fortified by the fact that the record shows that notice of the administrator's appointment was published in the Mount Ayr Record News for four weekly publications commencing October 12, 1939, and was posted in three places in Mount Ayr on October 6, 1939. Since the notice was that the administrator had been appointed such with will annexed, it obviously gave notice that a will had been admitted to probate. When we consider that the jurisdiction herein is in rem and that the publicity thereof as shown by this record was given, we hold that the particulars, in which the notice as published on September 21, 1939, failed to strictly meet the provisions of the order for its publication, were irregularities only and were not sufficiently vital to deprive the court of jurisdiction to proceed with preliminary administration of the estate subject to the right to contest the probate of the will within the statutory period of limitation.

■ There are those who are prone to criticize the courts for making what they condemn as unreasonable and harsh decisions which can be explained only by a strict interpretation of an arbitrary rule of procedure. There are others who champion such decisions with the argument that, for a rule to be just it must operate uniformly, and strict enforcement is necessary to secure the required uniformity. We are disposed to the view that, granting a rule should be uniformly applied, considerations of uniformity through strict interpretation of arbitrary rules of procedure should not be permitted to produce unreasonable or harsh decisions where any other result is reasonably possible.

■ This estate had been administered for a year and a half before the jurisdiction of the probate court was challenged. For us to now say that because of a technicality in the publication of the notice of hearing on preliminary probate of the will, the administrator, who was solemnly appointed by the court and who strictly complied with all statutory rules in reference to giving notice of his appointment, shall now be considered an interloper, acting without authority at the instigation of a court that had no jurisdiction, would seem to be unreasonable, harsh and difficult to explain or justify. Such a decision should not be made unless there is no other alternative. We hold that it is more reasonable

to construe the notice of hearing on the preliminary probate of the will as having met the requirements of the order directing that it be given. Substantial compliance was all that was necessary. The notice that was given complied substantially with the requirements of the order. Accordingly, the jurisdiction in rem of the probate court was not forfeited. The appointment of the administrator with the will annexed was not void. The court erred in holding that it was.

Other questions, argued in the briefs, need not be discussed or decided. Motion to dismiss the appeal, submitted with the case, is overruled. As above pointed out, contestants assert that the will should be set aside because it was not legally executed and was procured by fraud, deceit, coercion and undue influence. The issues raised as to this controversy have not been determined below and are not before us. We do not pass upon them. The order appealed from is reversed and the cause remanded for further proceedings on the issues not here determined.—Reversed and remanded.

MITCHELL, GARFIELD, OLIVER, HALE, and WENNERSTRUM, JJ., concur.