COUNT GIBBS, Appellee, v. FABIAN. BECKETT, Administrator; BESSIE KENNEDY, temporary Administratrix, Appellant.

No. 45387.

DECEMBER 10, 1940.

Kintzinger & Kintzinger, for appellant.

Smith & O'Connor, for appellee.

STIGER, J.—Walter Kennedy died intestate in 1933 survived by his widow, Bessie Kennedy, and two children. Plaintiff filed his claim against the estate in April 1939. Mrs. Kennedy was appointed temporary administratrix for the purpose of contesting the claim.

Section 11891, 1939 Code, reads:

"11891  Limitation on administration.  Administration shall not be originally granted after five years from the death of the decedent, or from the time his death was known, in case he died out of the state."

We will set out the material portions of divisions Nos. 2 and 3 of the answer filed by appellant, the temporary administratrix:

"Div. 2.  Walter Kennedy died on April 28, 1933. On September 30, 1936, Count Gibbs, claimant herein, filed a petition for the appointment of Fabian Beckett as administrator. On the same date the court made the following order:

"Fabian Beckett is appointed Administrator upon filing bond (surety) in the sum of One Thousand dollars '($1,000.00), notice of publication in Telegraph Herald according to law."

Beckett did not file an administrator's bond, and letters of administration were not issued to him by the clerk of the court until February 18, 1939, which date was more than two years after the conditional appointment by the court and was more than five years after the death of Walter Kennedy. The ap-

proval of the bond and issuance of letters of administration by the clerk after the expiration of five years from the death of the decedent were illegal and contrary to the statute; the issuing of letters of administration after five years from the death of decedent being barred by section 11891 of the Code.

"Div. 3. The claim of Count Gibbs was not filed until March 25, 1939, which was more than 5 years after the death of Walter Kennedy and more than two years after the filing by the claimant of his application for the appointment of an administrator; that claimant had knowledge of the order appointing the administrator in September, 1936, but allowed more than two years after the entry of the order to elapse before filing any claim against the estate and the claim is barred by the statute of limitations."

On October 3, 1939, claimant filed the following motion to strike:

"Comes now the Claimant, Count Gibbs, and moves the Court to strike from Temporary Administratrix' Answer to Claim, the following:

"A. Division II of said Answer for the reason:

"1. That same has been previously adjudicated in this case when Bessie Kennedy, as widow, filed her Motion to Revoke Order of Appointment of Administrator, in which motion she made the same allegations as set forth in this answer, and on hearing the following Order was entered:

"'April 17, 1939. Motion of Bessie Kennedy, Widow of Walter Kennedy, and Amendment thereto, overruled, Bessie Kennedy, widow aforesaid, excepts.'

"That no appeal from said Order has been taken and time for appeal has now expired and said Order is an adjudication fixing the law of the case.

"2. That the said Bessie Kennedy, Temporary Administratrix of the Estate of Walter Kennedy, deceased, has waived any rights she might have to question the validity of the appointment of Fabian Beckett as Administrator herein or the opening of this estate, by her own appointment as Temporary Administratrix of same, and is thereby estopped to question the validity of the pending administration proceedings.

"B. Division III of said Answer for the reasons:

"1. That the Administrator, Fabian Beckett, published his Notice of Appointment, the first publication being on February 20, 1939, and this claimant filed his claim on or about April 17, 1939, following, and well within the year prescribed by the statute for the filing of such claims."

The motion to strike was sustained on all grounds.

I. Appellant's first proposition is that the court erred in sustaining the motion to strike division No. 2 of her answer on the ground that the order of April 17, 1939, overruling the motion of Bessie Kennedy to revoke the order appointing an administrator, was a prior adjudication fixing the law of the case.

Appellant contends that the former proceedings were brought by Bessie Kennedy individually prior to the time claim of Count Gibbs was filed; that the claim was not an issue in the prior proceedings; that the parties in the prior proceedings were Bessie Kennedy as widow of decedent and the administrator, Fabian Beckett, and the parties in the present case are the petitioner, Count Gibbs, the temporary administratrix representing the estate and the two children who were not parties to the prior suit. To sustain this contention, appellant seeks to apply the rule that, to constitute res adjudicata, there must be identity of parties and issues.

We agree with claimant's position that this rule does not apply to an action in rem and, as probate proceedings granting letters of administration is a proceeding in rem, the prior order, which adjudicated in effect that administration was originally granted within five years from the death of intestate, that is, adjudicated the validity of the appointment, is a prior adjudication.

21 Am. Jur. 377, section 12, reads:

"§12. Nature of Administration Proceedings.—An administration or probate proceeding is a proceeding in rem which determines the status of the subject matter, and, being such, while it remains in force, it is conclusive not only on the parties before the court, but upon all persons and all courts."

In Michigan Tr. Co. v. Ferry, 8 Cir., Utah, 175 F. 667, the opinion states on page 674:

"A proceeding in a probate court to administer upon the estate of a deceased person is a proceeding in rem and not in personam. The property of the estate within the jurisdiction of the court is the defendant, the executor or administrator is its representative, all claiming any interest in that property under the deceased are parties to the proceeding * * *."

See also Werner v. Fraternal Bankers Reserve Soc., 172 Iowa 504, 154 N. W. 773, Ann. Cas. 1918A, 1005; Goodrich v. Ferris, 214 U. S. 71, 29 S. Ct. 580, 53 L. Ed. 914; 23 C. J. 1006, section 27; 11 R. C. L. 76, section 72.

Section 10763, 1939 Code, gives the district court exclusive original jurisdiction to probate wills and grant administration on estates. Section 11832 confers authority on the clerk of the district court to appoint resident administrators. Section 11834 provides for a review of such appointment by the district court within one year. Section 11836 provides that an order for the appointment of an administrator by the clerk, not modified or reversed by the court under the provisions of section 11834, is of the same validity as if made by the district court.

The appointment by the clerk was not reviewed under the provisions of section 11834.

In the case of Reidy v. Chicago, B. & Q. R. Co., 216 Iowa 415, at page 417, 249 N. W. 347, at page 348, the court said:

"It seems to be generally settled that where the probate court is given jurisdiction by statute to decide certain matters, all questions necessarily passed on by that court in arriving at its decisions are finally adjudicated, and cannot be collaterally attacked in an independent proceeding."

In the prior proceeding brought by Bessie Kennedy individually the probate court decided the identical question raised by her in her answer in this proceeding and held that administration was granted within the five-year limitation.

In In re Estate of Kladivo, 188 Iowa 471, 176 N. W. 262, 264, the court applies the rule that issues decided by the probate court in appointing an administrator are finally decided and cannot be collaterally attacked and distinguishes the case of

In re Estate of King, 105 Iowa 320, 75 N. W. 187, in the following language found on page 475:

" 'In In re Estate of King, 105 Iowa 320, the application recited that deceased was a resident in a county other than the county of the court appointing, and this was in no manner contradicted; and, as the court could not have found him a resident of the county where the court appointing sat, the appointment was adjudged void. The rule prohibiting collateral attack, where the court appointing found the residence of deceased within its jurisdiction, was recognized in Nash v. Sawyer, 114 Iowa 742, announced in Erwin v. Fillenwarth, 160 Iowa 210, and reiterated in In re Estate of Stone, 173 Iowa 371.' ''

For annotation on the question of the conclusiveness of an order appointing an administrator or executor on issues other than the validity of the appointment, see 119 A. L. R. 594.

We hold the prior order establishing the validity of the appointment of the administrator was binding on the widow and heirs of decedent and is not subject to collateral attack. We cannot consider appellant's contention that the prior proceedings were not formally introduced in evidence as it is presented for the first time in her reply argument.

■ II. Another assignment of error is that the court erred in striking division No. 3 of the answer which alleged the claim was barred by the statute of limitation for two reasons:

"First. That it was not filed within five years after the death of decedent within which time administration could be taken out on his death, and

"Second. That it was not filed within twelve months after the conditional order appointing Fabian Beckett as Administrator was entered."

We do not agree with this proposition. The claim was filed within two months after the first publication of notice of appointment of the administrator.

Section 11970, 1939 Code, reads in part as follows:

"11970 Other demands—order of payment. Other demands against the estate shall be payable in the following order:
" * * *

"3. Claims filed within six months after the first publication or posting of the notice given by the executors or administrators of their appointment."

The claim was filed within six months after the first publication of the administrator's notice; it was a third-class claim and not barred by the statute.

The statute began to run when the notice of appointment was first published and the claim was not barred for either of the reasons presented above by appellant.

We do not agree with appellant's contention that claimant had actual knowledge of the conditional appointment of the administrator in September 1936 and "should, therefore, be barred from taking shelter behind the statute."

As bearing on the merits of the order establishing the validity of the appointment, which is unnecessary to pass on, see Crossan v. McCrary, 37 Iowa 684.—Affirmed.

HALE, BLISS, SAGER, MITCHELL, HAMILTON, and MILLER, JJ., concur.

RICHARDS, C. J., and OLIVER, J., dissent.