IN RE ESTATE OF JOE DITZ, deceased.

WILLIAM BUSCH et al., plaintiffs-appellants, v. ROSE BAUTE et al., defendants-appellees, and DENNIS FEDDERSEN et al., additional defendants-appellees.

No. 51161.

(Reported in 125 N.W.2d 814)

January 14, 1964.

Wm. B. Norton, of Lowden, Rees, Remley & Heiserman, of Anamosa, and Van Matre & Van Matre, of Mexico, Missouri, for plaintiffs-appellants.

Casterline & Hamiel, of Tipton, for Phyllis Bray, plaintiff-appellant.

Otto L. Schluter, trustee, pro se.

Lynch, Dallas, Smith & Harman, of Cedar Rapids, for Otto L. Schluter, trustee, Fred Feddersen, coexecutor and trustee, Norman Bergmann, coexecutor, Linda Resewehr, Willie Willert, Augusta Portwig, St. John's Evangelical & Reformed Church, Clarence, Iowa, American Legion Post, Clarence, Iowa, and the Library Association of Clarence, Iowa, defendants-appellees.

1274

James T. Remley, of Anamosa, guardian ad litem for Harold Resewehr, defendant-appellee.

Elliott, Shuttleworth & Ingersoll, of Cedar Rapids, for St. Luke's Methodist Hospital, defendant-appellee.

Max R. Werling, of Tipton, and Newport & Wine, of Davenport, for Fred Feddersen as coexecutor, trustee and as an individual.

LARSON, J.—Plaintiffs, heirs-at-law of Joe Ditz, deceased, filed their petition in two divisions attacking the probate of his will and one codicil. Division I alleged decedent was of unsound mind and lacked testamentary capacity. Division II alleged paragraph 13 of the will was invalid for various reasons. The second division was dismissed on defendants' motion and no issue is raised thereon. When the first division was later dismissed, plaintiffs stood on the ruling and appealed.

We summarize the facts.

Joe Ditz died May 29, 1961. His will was admitted to probate June 15, 1961. In conformity with the provisions of subparagraph 3 of section 614.1, Code, 1958, the executors gave notice of the probate of the will, the last service being on July 26, 1961.

June 30, 1962, Elmer Resewehr, Erwin Resewehr, Leo Resewehr, and Phyllis Bray, appellants herein, joined with five other interested parties in an action to set aside the probate of the will. Together they constituted a part of decedent's heirs, the remainder being named as defendants. All beneficiaries under the will, except Fred Feddersen, Dennis Feddersen, Marcia Feddersen, Mary Feddersen, Susan Feddersen, Dorothy Sennett, and Norman Bergmann, trustee, were named defendants.

October 26, 1962, pursuant to court order, the plaintiffs filed an amendment to their petition of June 30 naming as additional defendants those listed above, and on November 20, 1962, certain defendants originally served *before* July 26, 1962, filed their motion to dismiss on the ground that the action is barred by the statute of limitations and, since plaintiffs participated

in a prior declaratory action to construe Item 13 of decedent's will, they are now estopped from bringing this action.

October 9, 1961, all plaintiffs in this action except Phyllis Bray had filed a petition for declaratory judgment contending Item 13 of decedent's will and the trust therein provided were invalid. When the trial court held adverse to those contentions, they appealed and we affirmed on November 13, 1962. In re Estate of Ditz, 254 Iowa 444, 117 N.W.2d 825.

December 5, 1962, plaintiffs filed a motion to strike defendants' motion to dismiss on the ground that the ruling of July 21, 1962, was res adjudicata.

February 4, 1963, the trial court sustained defendants' motion to dismiss plaintiffs' amended petition, and the remaining four plaintiffs appeal.

Errors relied upon for reversal are: (1) The trial court erroneously ruled the action to set aside the will was not timely brought. (2) The court erred in holding, by reason of the prior declaratory-judgment action, that the plaintiffs including Phyllis Bray, not a plaintiff in that action, are estopped to bring the instant action, by ruling that the prosecution to final judgment in a declaratory-judgment action precludes plaintiffs from maintaining this action, as it would constitute a splitting of their cause of action; that the prior judgment in the declaratory action was res adjudicata of the issues in the instant action; that by prosecuting the declaratory-judgment action plaintiffs elected their remedy; and that the court erred in overruling plaintiffs' motion to strike defendants' motion to dismiss plaintiffs' petition as amended, in that said motion constituted a second motion to dismiss in violation of rule 111, R. C. P.; and that certain alleged defenses based upon the declaratory-judgment action must be pleaded in order that plaintiffs could deny or avoid them.

I. At the outset we are faced with the troublesome question of whether the original proceeding to set aside the probate of the Joe Ditz will was timely brought. It is not denied that plaintiffs' petition was filed within the year allowed to commence such a proceeding. It appears that defendants herein and all other interested persons were duly served with notice thereof

within the required year, except for seven beneficiaries under the will who were subsequently brought in by order of the court in the manner provided by rule 34, R. C. P. Thus, the nub of this controversy is whether the failure to serve these seven persons prior to July 26, 1962, a year after the notices were given interested persons, as provided in subsection 3 of Code section 614.1, was a jurisdictional defect requiring a dismissal.

▮ Appellants' position has been well summarized in this statement found in Volume 1 of Henry's Probate Law and Practice (Sixth Edition), section 4, page 229, at 231: "Such action being purely a statutory proceeding, the requirements of the statute in this respect must be complied with. But where an action has been properly begun within the time limited, and an amended complaint making new parties is filed after the time limited has expired, the action must be deemed commenced against all the parties thereto from the time when the suit was originally instituted. The interest of the parties is held joint and inseparable, and as such proceeding is substantially one in rem, the court cannot take jurisdiction of the subject matter by fractions. So where a petition to contest a will is filed within the statutory period of limitation, although a part only of the persons interested are made parties thereto, the right of action is saved as to all who may ultimately be made parties to such action, notwithstanding the fact that some of them are not brought into the case until after the period of limitation has expired. Therefore, in such case, if the right of action is saved to one it is necessarily saved to all."

Before adopting this statement we must examine our statutes to see if there are any specific provisions requiring that *all* interested or necessary parties be served with notice of the suit to set aside the probate of a will within the year's limitation provided in our Code. Code chapter 614 relates to the statute of limitations.

Section 633.38, Code, 1962, provides: "Wills, foreign or domestic, shall not be carried into effect until admitted to probate as hereinbefore provided, and such probate shall be conclusive as to the due execution thereof, until set aside by an original or appellate proceeding."

Section 614.1, Code, 1962, referred to by the Code editor under section 633.38, provides: "Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared: * * * 3. * * * those brought to set aside a will, within two years from the time the same is filed in the clerk's office for probate and notice thereof is given; provided that after a will is probated the executor may cause personal service of an original notice to be made *on any person interested,* which shall contain the name of decedent * * *; said notice shall be served in the same manner as original notices and *no action shall be instituted by any person so served* after one year from date of service." (Emphasis supplied.)

We find no specific Code provisions as to how an action shall be instituted by a person so served. There are no requirements as to who must be served nor when, granting the person filing the petition to set aside does so within the limitation in section 614.1. To commence an original proceeding to set aside, we may assume the person filing the petition must serve at least one other interested party within the limitation period, but must he serve them all within the limitation period to sustain the court's jurisdiction of the persons and the subject matter? If he serves one other interested party before the limitation period expires, may others be added later as provided in rule 25, R. C. P.? Are the Rules of Civil Procedure of aid in obtaining complete required relief?

The trial court came to the conclusion *all* interested parties must be served within the limitation period, although its first reaction was that the seven parties not served within the year were indispensable and ordered them brought in under rules 25 and 34, R. C. P.

Rule 25(c), Rules of Civil Procedure, provides: "If an indispensable party is not before the court, it shall order him brought in. When persons are not before the court who, although not indispensable, ought to be parties if complete relief is to be accorded between those already parties, and when necessary jurisdiction can be obtained by service of original notice in any manner provided by these rules or by statute, the court

shall order their names added as parties and original notice served upon them. If such jurisdiction cannot be had except by their consent or voluntary appearance, the court may proceed with the hearing and determination of the cause, but the judgment rendered therein shall not affect their rights or liabilities."

Rule 34 provides: "When the presence of new parties is required to grant complete relief * * * the court shall order them brought in if jurisdiction can be obtained." See City of Cedar Rapids v. Cox, 250 Iowa 457, 465, 93 N.W.2d 216. Here the court did order the seven parties brought in, and they were brought in by amending the petition to include them as parties defendant and by serving them with an original notice.

We are satisfied the court properly ordered these parties brought in under rule 25(c), but disagree with its later conclusion that they were necessary parties to institute the action. In the view we take, the interested persons who filed the petition to set aside, and the interested parties they served within the limitation period, were sufficient to institute the contest. Other interested or necessary parties could be added later without thereby divesting the court of its jurisdiction to decide the matter.

■■ II. A will contest is in the nature of a proceeding in rem although as permitted by our Code it has some aspects of a proceeding inter partes. In re Estate of Price, 230 Iowa 1228, 1233, 300 N.W. 542, and citations; Gibbs v. Beckett, 229 Iowa 619, 295 N.W. 165; 1 Am. Jur. 436, section 45; 1 Am. Jur.2d 573, section 40; 1 C. J. S., Actions, 1148, section 52. It is directed against the thing or res, the will, as distinguished from an action against a person. Hence, a determination in a will contest, be it before probate or in an original action after probate, on the grounds here involved, that the will is invalid, has the effect of invalidating the will in toto and as to everyone interested therein. This is especially true where the contest has been filed within the limitation period and due notice has been given interested parties.

Whether due notice has been given, of course, involves our construction of the statute of limitations. We are called upon

to construe the provisions of our statute (section 614.1 of the Code) as applied to this proceeding in probate.

In the excellent briefs of counsel no Iowa case directly in point is cited, and we have found none, so this may well be the only decision on this question under our present law. Under the new Iowa Probate Code, Acts of Sixtieth General Assembly, effective January 1, 1964, the questions here will not arise, for under sections 308 to 311 the exact procedure to be followed in a will contest is well set out. Section 311 thereof provides: "In all actions to contest or set aside a will, all known interested parties who have not joined with the contestants as plaintiffs in the action, shall be joined with proponents as defendants. When additional interested parties become known, the court shall order them brought in as party defendants. All such defendants shall be brought in by serving them with notice pursuant to the Rules of Civil Procedure."

Thus, the result under the new Probate Code would seem to be the one we reach here, although admittedly the pathway we must follow is not so clear or free from obstacles. A realistic approach is that overlooked or unknown interested parties, in a contest timely commenced, may be added so as to allow the rightful determination of a vital objection to probate. Our position, like most other states without specific statutory provisions, is that it would be unduly harsh to deny a judicial determination of the testator's competency to make a will, or its execution, because one interested party was overlooked. We do not feel that was the intent of our statutes.

It must be noted that our limitation statute does not require service of a notice upon *all* interested persons. It speaks in the singular, as "any person interested" or "no action shall be instituted by any person so served." It does not contain the requirement that "all persons interested" be served, as appears in many probate codes in other jurisdictions. Even when those words are used, some states hold the statute does not require a dismissal if some interested parties are brought in and served after the statute has run. State of Indiana ex rel. Matheny v. Probate Court, 239 Ind. 518, 159 N.E.2d 128.

We must, therefore, conclude, when any interested per-

son served with a notice as provided in section 614.1(3) institutes an action by filing his petition and serving any other interested person within the year's period of limitation, the running of the statute as to all other interested parties is tolled and they may be added later with the same effect as though timely action was commenced against all. Thus, when the other seven persons were served as ordered by the court herein, jurisdiction of both the persons and the subject matter was obtained by the trial court, and the motion to dismiss on this ground should have been denied.

It would be of no benefit to review the many cases cited by able counsel. Each case considers the provisions of its own respective state statutes. While appellees place much reliance on Ohio cases, they turn upon specific provisions of the Ohio probate law which are not similar to ours. This also applies to the cases cited by appellants, although there the statutes seem to leave doubt which was resolved in favor of tolling the limitation statutes when part of the interested parties have timely commenced the action and others are brought in when diligently discovered. See Peters v. Moore, 154 Ohio St. 177, 93 N.E.2d 683, and citations; Floto v. Floto, 213 Ill. 438, 72 N.E. 1092; Thomson v. Butler, Mo., 136 F.2d 644; Ehrlich v. Mittelberg, 299 Mo. 284, 252 S.W. 671; Campbell v. St. Louis Union Trust Co., 346 Mo. 200, 139 S.W.2d 935, 129 A. L. R. 316; State of Indiana ex rel. Matheny v. Probate Court (1959), supra, 239 Ind. 518, 159 N.E.2d 128; Voyce v. Superior Court, 20 Cal.2d 479, 127 P.2d 536; Gresham v. Talbot, 326 Mo. 517, 31 S.W.2d 766; and others found in annotation, 8 A. L. R.2d, pages 11 to 138, and rules of construction cited on page 13, section 2, and page 135, section 67; 54 C. J. S., Limitations of Actions, 313, section 276(3); 95 C. J. S., Wills, 216, section 359(b). Appellees admit both case and text statements support the rule that where an action has been commenced as to some necessary parties but other necessary parties have been omitted, plaintiffs may amend and bring in such omitted parties even after the statute has run as to them. These authorities admit such a rule is an exception to the general rule that, for purposes of applying the statute of limitations, the action will be deemed commenced as to the

omitted party when such omitted party is added. The reason given is that in such probate matters harsh results could frequently occur if such limitation statutes are strictly construed, and courts are slow to give them a construction which would often avoid decisions on merit. We join with the majority of other state courts in holding the limitation statute should not deprive the court of jurisdiction to try the issue on its merits, and do permit bringing in overlooked indispensable parties after the period had passed, unless the statute clearly requires otherwise. In our opinion ours does not, and we conclude that the court now has jurisdiction of all parties and, unless for some other reason the motion to dismiss was good, should proceed with the will contest.

III. Appellants argue in Division II of their brief the court erred in holding that by reason of the prior declaratory-judgment action the plaintiffs, including Phyllis Bray, are estopped to bring this action. Appellants contend and appellees admit that ordinarily the special defenses of estoppel, res adjudicata, election of remedies, or splitting of a cause of action, cannot be availed by demurrer or motion to dismiss, because they are dependent upon facts not alleged in the petition.

Appellees argue this is not the ordinary case, for here all the relative matters were before the court in the probate proceedings, including the allegation and judgment in the prior declaratory action attacking paragraph 13 of decedent's will. It is true as a part of the estate proceedings the court could properly take judicial notice thereof and, if they disclose good cause for dismissal, nothing would be accomplished by requiring a recitation of them in an answer. In re Estate of Pierce, 245 Iowa 22, 60 N.W.2d 894; Knapp v. City of Omaha, 175 Neb. 576, 122 N.W.2d 513.

Appellees concede, as they must, that if the record facts so known to the court do not present a defense, as a matter of law, their attempt to raise these questions by motion was improper. We then turn to the facts disclosed by the pleadings and by the probate records to see if they, as a matter of law, were sufficient to sustain appellees' motion to dismiss.

The probate records, of which the court could take judicial

notice, reveal plaintiffs' petition for declaratory ·relief of October 9, 1961, alleging in substance that the trust provision set out in paragraph 13 of the decedent's will, previously admitted to probate, was invalid in that it attempted to create an illegal and unenforceable charitable trust, and that it was procured by undue influence of one of the trustees named, defendants' motion to dismiss, and the court finding and judgment thereon. The trial court found "nothing wrong with the provisions of paragraph 13 of decedent's will", and as to the allegations of undue influence said the procedure was "not a proper method by which to attack that portion of the will", that it should be done by an original action to set the will aside. The probate records further reveal our affirmance of this judgment November 13, 1962. In re Estate of Ditz, supra, 254 Iowa 444, 117 N.W.2d 825.

■ The problem presented in argument is whether the court's knowledge of these facts alone was sufficient to establish estoppel or estoppel by judgment. In other words, the real difference between the parties herein is not so much the matter of the appropriateness of the remedy, but the effect of the record facts. The burden of proof is on the party relying upon a special defense, whether pleaded or revealed by the records in the pending matter. In re Estate of MacVicar, 251 Iowa 1139, 1144, 104 N.W.2d 594, and cases cited.

Appellees contend plaintiffs' petition of October 9 shows a full knowledge of the contents of the will and, in effect, asked a construction thereof. They urge that by so doing appellants admitted the due execution and validity of the will. No Iowa authority is cited, but we are referred to the early cases of Hodges v. Hale, 20 Tenn. App. 233, 97 S.W.2d 454, Corprew v. Corprew, 84 Va. 599, 5 S.E. 798, and In re Lloyd's Will, 161 N. C. 557, 77 S.E. 955. These cases are not quite in point, for in each there was a contestant affirmation of the will and a request for a construction of it as to the rights of the parties. In the Hale case the plaintiffs alleged the due execution of the will and asked that it be construed in the declaratory action. When the court declared the parties' rights, those dissatisfied attacked the will on the grounds that it was procured by fraud and undue influence. The court held that by presenting the

writing as a will and asking its construction, decedent's heirs were estopped from later contesting its validity.

That is not the case at bar, for here the attack was on the validity of one paragraph of the will which the plaintiffs claimed on its face disclosed an unenforceable and illegal trust. Can this limited action be classified as such a request for construction as will bar any parties to the action from later contesting the will in an original action as suggested by the trial court in its findings? We think not. We do not believe the facts revealed by the probate record precludes appellants, and especially Phyllis Bray who appears to have been no more than an inactive party defendant in the prior declaratory action. We fail to find anything in the probate record to infer these parties were tendering the writing found in paragraph 13 as the properly executed will of the testator. The judgment decided only that paragraph 13 was not invalid for the reasons advanced by the then plaintiffs, nothing more.

Even if these cases from other jurisdictions were considered in point, we ourselves have taken a somewhat different view in In re Estate of MacVicar, supra, 251 Iowa 1139, 1144, 104 N.W.2d 594, where we held that full knowledge of the contents of the will, and knowledge of the facts and circumstances surrounding the execution of the will, are important considerations in the issue as to whether an interested person is estopped to contest a will. Thus it cannot be said in this jurisdiction that any attack on a will or on a specific provision therein will ipso facto prevent any later attack by anyone made a party to the prior action. In other words, unless it clearly appears that the contestants were aware of the relevant facts concerning the contents of the will, as well as the circumstances of its execution at the time of the declaratory-action proceedings, there is no estoppel. Any special defenses to the contest should be affirmatively asserted by answer.

In the American Law Institute, Restatement, Judgments, section 77, Comment (b), it is pointed out that the res adjudicata effect of a declaratory judgment depends upon the scope of the declaration of rights made by the judgment, that, as to matters declared by the judgment, the parties are precluded

from relitigating them, and as to matters not declared by the judgment, the parties are not so precluded, although a declaration might have been made as to such matters. Also see annotations in 10 A. L. R.2d commencing on page 782, and Borchard, Declaratory Judgments, Second Ed., pages 422 and 423.

These authorities we recognized in the recent case of Lynch v. Lynch, 250 Iowa 407, 94 N.W.2d 105, an action to establish a lease which was barred under the compulsory counterclaim rule. R. C. P. 29. However, it was clearly pointed out therein that the effect of a judgment in a declaratory-judgment action insofar as matters of estoppel are concerned is limited to the matters declared by the judgment, thus excluding matters which were not litigated and declared, although they could have been. Applying the rule to the case before us, it is clear only the declaration that provisions of paragraph 13 were not invalid because they did not create an unenforceable trust appeared in the probate record. There was no admission or declaration that the will was a valid will of decedent, nor that the decedent had testamentary capacity. Even the undue influence question was rejected by the court as not proper in the construction issue involved. The issues as to the validity of writing as a will was not raised, considered or decided in the declaratory proceedings.

We have searched diligently for other authority on the barring effect of a declaratory judgment in a will case and have found none, which rejects the rule that only as to the matters actually litigated or admitted, directly or inferentially, will such judgments act as res adjudicata or be accepted as creating an estoppel by judgment. We must conclude the probate record of the judgment of January 12, 1962, dismissing the declaratory action of October 9, 1961, and later affirmed by this court, did not reveal sufficient facts to estop plaintiffs from bringing their action to set aside the probate of decedent's will on the basis of testamentary incapacity, and that under this probate record the facts were not sufficient to justify the court's action in dismissing plaintiffs' petition herein. As further bearing on the matter see Watts v. Archer, 252 Iowa 592, 107 N.W.2d 549; State v. Nichols, 241 Iowa 952, 44 N.W.2d 49; Annotations, 28 A. L.

R.2d 168, section 17, and A. L. R.2d Supplemental Service 1962, page 672.

The appellees, of course, may by answer still raise any affirmative defenses they may have. Both parties will then have their day in court. So deciding, other propositions advanced need not be considered at this time.

The matter is remanded to the district court for further proceedings in accordance with this opinion.—Reversed and remanded.

GARFIELD, C. J., and HAYS, PETERSON, THORNTON, MOORE and STUART, JJ., concur.

SNELL, J., takes no part.