# IN THE SUPREME COURT OF IOWA

No. 23–0093

Submitted April 10, 2024—Filed May 31, 2024

IN THE MATTER OF THE ESTATE OF RICHARD D. JANSSEN, deceased.

GARY DEAN JANSSEN and LARRY DALE JANSSEN,

Appellants,

vs.

THE SECURITY NATIONAL BANK OF SIOUX CITY, as executor of the ESTATE OF RICHARD D. JANSSEN, and SHERYL ANN COLLINS, individually,

Appellees.

Appeal from the Iowa District Court for Woodbury County, Zachary S. Hindman, Judge.

Successful plaintiffs to a will contest appeal the district court's grant of a new trial for lack of an indispensable party. **REVERSED AND REMANDED.**

Oxley, J., delivered the opinion of the court in which all justices joined.

Alexander E. Wonio (argued) of Hansen, McClintock & Riley, Des Moines, and Tyler M. Smith of Smith Law Firm, PLC, Altoona, for appellants.

Colby M. Lessmann (argued) of Tigges, Bottaro & Lessmann, LLP, Sioux City, for appellee Security National Bank of Sioux City

Ryland Deinert (argued) of Klass Law Firm, LLP, Sioux City, for appellee Sheryl Ann Collins.

**OXLEY, Justice.**

This will contest between the Janssen siblings raises the issue of whether "all interested parties" must remain "joined" as "indispensable parties" until final judgment under Iowa Code section 633.312 and Iowa Rule of Civil Procedure 1.234. Debra Schultz[1]—once a named defendant in this will contest action involving probate of her father's 2018 will—consented to her plaintiff-brothers dismissing her as a defendant just prior to a second trial (the first trial ended in a hung jury). The second jury entered a verdict in favor of the plaintiff-brothers against Sheryl Collins, their other sister and the sole remaining defendant, concluding she unduly influenced their father to change his will and tortiously interfered with the brothers' inheritances. After the unfavorable verdict, the district court granted in part Sheryl's posttrial motion to dismiss for lack of an indispensable party (Debra), ordering a new (third) trial instead of dismissal.

Debra was clearly a party to the lawsuit, actively participated in the litigation through a hung trial and preparation for the second trial, and consented to dismissal of all claims against her without seeking to remain as a named party in the litigation for the second trial. As explained below, Debra's subsequent and consented-to dismissal did not entitle Sheryl to a new trial where section 633.312's joinder requirement was satisfied. We reverse the district court and remand for further proceedings.

I.

Richard and Melva Janssen were a married couple with six children: Dean, Sheryl, Debra, Jeff, Larry, and Gary. Richard and Melva farmed in Woodbury County. Their farm properties covered approximately 520 acres, and at the time of Richard's death, the farmland was valued at $4,439,700. Of their children,

---

[1]We refer to the parties by their first names throughout the rest of opinion for ease of understanding and mean no disrespect to the parties.

Gary and Larry were the only two who continued Richard's farming tradition. In addition to farming their own land, they farmed the 520 acres owned by Richard and Melva.

Richard and Melva executed a number of "mirror image" wills over the years. The first was signed on September 3, 2009, and was drafted by Attorney Barry Thompson. Richard and Melva owned three different parcels of farm property, which they held as tenants-in-common. Each will left a life estate in the respective one-half interests in the three farm parcels to the surviving spouse and left the remainder interest in each parcel to a different pair of the Janssens' six children, so each child would ultimately inherit a portion of the farmland. For the two parcels not left to Larry and Gary, each will gave Larry and Gary the option to purchase the respective parcel from their siblings within sixty days of the surviving spouse's death at the value determined by an appraisal.

On September 5, 2012, Richard and Melva met with Thompson and executed new "mirror image" wills. The 2012 wills were nearly identical to those from 2009, but they extended Larry and Gary's options to purchase the two parcels not bequeathed to them from sixty to ninety days and set the price at $4,000 per acre rather than the market price.

On May 13, 2014, Richard and Melva returned to Thompson to execute new wills for yet a third time. These were the final wills executed before Melva's death on April 14, 2017. The 2014 wills made significant changes from prior versions. The respective mirror image wills still gave the surviving spouse a life estate in the other's property, but the remainder interests in each of the three parcels of farmland were divided only between Larry and Gary upon the surviving spouse's death. The 2014 wills also left $60,000 each to Dean, Jeff, and Debra as specific bequests on the second spouse's death but gave nothing to Sheryl. Sheryl's exclusion from an inheritance was not accidental, as expressed by the

following provision: "I am aware that I have a daughter Sheryl Ann Collins and it is my intention to leave her nothing from my estate."

Melva died on April 14, 2017, and her 2014 will was admitted to probate. Distribution of Melva's half-ownership interest in each of the farm properties gave Richard a life estate and a vested remainder interest to Larry and Gary as tenants in common. The probate of Melva's estate was not challenged, and her estate was closed on April 20, 2018.

On April 13, 2018, Debra picked her dad up for lunch in Sioux City as she often did, and at his request, they stopped at Thompson's office to get a copy of his then-current will. Debra did not go inside Thompson's office with Richard, but she read the will with him back at his house. Debra testified they did not discuss the terms of the will, but it left them both upset. After Debra left, Sheryl went to her father's house that night to talk about the 2014 will. According to Sheryl, Richard was upset about the terms of his 2014 will that cut Sheryl out and left all the farmland to Larry and Gary. He wanted her help contacting a lawyer.

Sheryl arranged a meeting for Richard with Joel Vos of the Heidman Law Firm in Sioux City, Iowa. On April 20, Sheryl drove Richard to his appointment and, at Richard's request, joined the meeting between Richard and Mr. Vos shortly after it began. At the meeting's conclusion, Mr. Vos drafted a new will for Richard that left his one-half interest in each of the farm properties to Debra and Sheryl (since Larry and Gary would receive the other half through Melva's estate at Richard's death) and the remainder of his estate (cash and assets totaling over $600,000) would be equally divided between Larry, Gary, Sheryl, and Debra. The 2018 will kept the provision giving Jeff and Dean $60,000 each as a specific bequest. Richard passed away on June 28—less than three months after signing his final will.

On September 2, Richard's 2018 will was admitted to probate, and Security National Bank was appointed executor of the estate. Dean, Larry, Gary, and Jeff subsequently filed a petition for will contest against Sheryl, Debra, and Security National Bank, seeking to set aside Richard's 2018 will based on lack of testamentary capacity or undue influence exercised by their sisters. The brothers also brought a tort claim for intentional interference with inheritance against Sheryl and Debra, and they demanded a jury trial on all claims. The case proceeded to trial, which ended in a mistrial on November 6, 2019, due to a hung jury.

The case was set for retrial, and a second jury trial was scheduled to begin on June 22, 2021. On May 28, Dean and Jeff removed themselves as parties to the lawsuit by voluntarily dismissing all their claims without prejudice. And on the day before trial started, Gary and Larry—the remaining plaintiffs—sought dismissal of all claims against Debra. They also dismissed their will challenge premised on lack of testamentary capacity. Two claims remained: a will contest premised on undue influence by Sheryl, and a tort claim against Sheryl for intentional interference with inheritance.

On the morning of trial, the district court considered the motions to dismiss. All parties—Gary, Larry, Dean, Jeff, Debra, Sheryl, and Security National Bank—consented to the dismissals and to proceed to trial on the remaining claims, with Dean, Jeff, and Debra participating only as testifying witnesses. The case proceeded to trial, and the jury returned a verdict on July 1 in favor of Larry and Gary on both counts. The jury determined that Sheryl had unduly influenced Richard in drafting his 2018 will and that her tortious interference caused actual damages to Larry and Gary in the amount of $480,000.

Several posttrial motions were filed. Two weeks after the jury verdict, the bank, as executor, filed a motion for clarification, and Sheryl filed a motion for enforcement. Each asserted that Richard's 2018 will was partially valid with respect to bequests made to Debra notwithstanding the jury's verdict. On August 13, Sheryl filed a motion for new trial based on alleged trial misconduct by the plaintiffs' counsel. Three days later, Sheryl filed a motion to dismiss asserting that Debra was an indispensable party to the will contest under Iowa Code section 633.312 (2018), and her absence from the second trial deprived the district court of jurisdiction to hear the case.

In a May 19, 2022 ruling, the district court treated Sheryl's motion to dismiss as a motion for new trial for failure to join an indispensable party and granted a new trial. The court noted that Dean and Jeff were also indispensable parties required to be part of a new trial pursuant to Iowa Rule of Civil Procedure 1.234 and Iowa Code section 633.312. Having granted a new trial, the district court did not address any of the other posttrial motions. Larry and Gary filed a motion to reconsider on June 3, which the district court denied on December 21. The plaintiffs filed a timely notice of appeal on January 13, 2023, which we retained.

## II.

The district court granted a new trial based on its interpretation of Iowa Code section 633.312 as requiring all interested parties to remain parties to a will contest through final judgment. We review the district court's ruling premised on its interpretation of the statute for errors at law. *See State v. Moorehead*, 699 N.W.2d 667, 671 (Iowa 2005) ("We review the district court's interpretation of Iowa Code section[s] . . . for errors at law.").

This appeal turns on the requirements of Iowa Code section 633.312 and Iowa Rule of Civil Procedure 1.234. Iowa Code Section 633.312 provides:

> In all actions to contest or set aside a will, all known interested parties who have not joined with the contestants as plaintiffs in the action, shall be joined with proponents as defendants. When additional interested parties become known, the court shall order them brought in as party defendants. All such defendants shall be brought in by serving them with notice pursuant to the rules of civil procedure.

Iowa Code § 633.312. Rule 1.234(2) defines an indispensable party:

> A party is indispensable if the party's interest is not severable, and the party's absence will prevent the court from rendering any judgment between the parties before it; or if notwithstanding the party's absence the party's interest would necessarily be inequitably affected by a judgment rendered between those before the court.

Iowa R. Civ. P. 1.234(2). "If an indispensable party is not before the court, it shall order the party brought in." *Id.* r. 1.234(3).

The district court read these provisions together to conclude that Debra was an "interested party" under section 633.312, and all interested parties are "indispensable" under rule 1.234. From there, it concluded that section 633.312 requires that *all* interested parties be joined to a will contest, and the language "shall be joined" imposes an independent duty on the court to guarantee the presence of indispensable parties through judgment. Failure to include all "interested parties" rendered all subsequent proceedings invalid.

"A will contest is in the nature of a proceeding in rem" because "[i]t is directed against the thing or res, the will, as distinguished from an action against a person." *In re Est. of Ditz*, 125 N.W.2d 814, 818 (Iowa 1964). If a will is determined to be invalid, it is generally deemed invalid in its entirety and as to everyone who has an interest in the will. *Id.* For this reason, section 633.312 requires more than mere notice to "all interested parties"—it requires that they be joined, or later brought in, as parties to the proceeding.

The joinder requirement advances section 633.312's purpose of ensuring finality in will contests by preventing collateral attacks on final judgments. This

is particularly important in a will contest because "probate is meant to provide a prompt, efficient, centralized way of resolving issues relating to a decedent's estate and getting the estate distributed." *Youngblut v. Youngblut*, 945 N.W.2d 25, 35 (Iowa 2020). We have long recognized the importance of providing interested parties with notice and an opportunity to participate by bringing them into probate proceedings as parties. *See, e.g.*, *Philpott v. Jones*, 146 N.W. 859, 865 (Iowa 1914) ("[I]n contests of this kind it would be well for the court to see to it that all parties interested in the contest . . . should be served with notice and made parties of record before the trial is permitted to proceed. This will have the effect of avoiding much litigation, and enable the court, in one proceeding, to determine the rights of all parties, who are affected thereby.").

Will contests are similar to disputes concerning real property. Resolution of each decides rights related to the res, and its effects are not necessarily limited to the parties to the action. *See Ditz*, 125 N.W.2d at 818 (recognizing that the indispensable party rule applies to a will contest where a determination that "the will is invalid . . . has the effect of invalidating the will in toto and as to everyone interested therein"); *see also Ditch v. Hess*, 212 N.W.2d 442, 449 (Iowa 1973) (determining whether adjoining landowners were indispensable parties to a water drainage dispute between other neighbors by asking: "What will be the effect of the decree if carried out?"). When a person has rights to a disputed res, their "rights cannot be adjudicated unless [they are] made a party to the action" where adjudication of those rights is sought. *Francksen v. Miller*, 297 N.W.2d 375, 378 (Iowa 1980). Applying the indispensable party requirement from rule 1.234, we have held that indispensable parties must be brought in "even if the question first arises in the appellate court." *Ditch*, 212 N.W.2d at 449–50 (recognizing that the issue has been handled in various ways by different jurisdictions but that "[w]e are clearly with those which answer the question

affirmatively"); *see also City of Cedar Rapids v. Cox,* 93 N.W.2d 216, 221 (Iowa 1958) (holding that when indispensable parties are identified on appeal, "the cause is not dismissed but remanded to the trial court for the purpose of bringing in the party or parties found to be indispensable").

This appeal involves a slightly different question: What happens when an interested party to a will is made a defendant to the will contest proceeding, actively participates, but later agrees to be dismissed? As the district court noted in its posttrial ruling, Debra's interest in Richard's estate "obviously may be diminished as a result of Larry and Gary's will contest" even though she was not a party because she would lose the bequest she would have received under the 2018 will if the plaintiffs prevailed. This issue of partial validity of the 2018 will was raised by both Sheryl and the bank in their respective posttrial motions. *See In re Est. of Kremer,* 845 N.W.2d 70, 75–76 (Iowa Ct. App. 2014) (discussing *In re Ankeny's Estate,* 28 N.W.2d 414, 419–20 (Iowa 1947), where "[t]he court stated the [partial invalidity] rule seemed to be: (1) a clause or clauses of a will may be set aside if the separate items are distinct and complete in themselves; (2) other separate items of the instrument by no reasonable construction could be affected by the taint of undue influence charged against an offending beneficiary; (3) the separate several items make a bequest or devise to persons having a natural claim to the testator's bounty; and (4) the instrument is so drafted as to make a complete disposition of testator's estate"). In addressing Sheryl's separate posttrial motion raising the effect of missing indispensable parties, the district court concluded that where the plaintiffs had dismissed their undue influence claims against Debra, she should have remained a party to the proceedings to protect her interest in the bequests made to her in the 2018 will. Accordingly, the court determined it could not enter a final judgment in the second trial

because resolution of the will contest called for an adjudication of Debra's rights under Richard's 2018 will.

Whether Debra's dismissal as a party precluded the district court from entering judgment on the will contest boils down to the proper interpretation of section 633.312. Larry and Gary contend that provision imposes only two requirements: (1) all known interested parties shall be joined in a will contest action as defendants, and (2) if not joined, such parties shall be brought in by serving them with notice pursuant to the rules of civil procedure. They argue that both requirements were met since all siblings—including Debra, Dean, and Jeff—were initially joined as parties to the will contest and participated fully in the first trial. According to Larry and Gary, nothing in section 633.312 or rule 1.234 requires all interested parties to remain in the case to final judgment if the parties consent to being dismissed.

Sheryl and Security National Bank urge us to affirm the district court, arguing that dismissal of indispensable parties from the lawsuit deprived the court of authority to enter judgment because a court can only adjudicate the rights of the parties who are before it. Relying on our caselaw permitting indispensable party issues to be raised for the first time on appeal, they further argue the district court correctly concluded that indispensable party status cannot be waived by consenting to dismissal because section 633.312 requires indispensable parties to *remain* parties to the lawsuit until final disposition. To that end, Sheryl and the bank contend that remanding for a new trial where all interested parties are joined provides the appropriate remedy here.

To determine whether Iowa Code section 633.312 requires all interested parties to remain in the case through final judgment, we employ the familiar principles of statutory interpretation. " 'The first step in our statutory interpretation analysis is to determine whether the statute is ambiguous.' Our

inquiry ends with the plain language if the statute is unambiguous." *State v. Zacarias*, 958 N.W.2d 573, 581 (Iowa 2021) (quoting *State v. Coleman*, 907 N.W.2d 124, 135 (Iowa 2018)). "A statute is ambiguous if reasonable minds differ or are uncertain as to the meaning of the statute." *State v. Richardson*, 890 N.W.2d 609, 616 (Iowa 2017) (quoting *Rhoades v. State*, 880 N.W.2d 431, 446 (Iowa 2016)). We determine ambiguity by reading the statute as a whole. *See id.* "But a statute is not ambiguous merely because two litigants disagree about its meaning." *Est. of Butterfield v. Chautauqua Guest Home, Inc.*, 987 N.W.2d 834, 838 (Iowa 2023); *see also Carreras v. Iowa Dep't of Transp.*, 977 N.W.2d 438, 456 (Iowa 2022) (McDermott, J., concurring in part and dissenting in part) ("Declaring ambiguity whenever skilled lawyers offer divergent meanings for phrases would unnecessarily launch us into ambiguity-resolving canons in most of our cases.").

We conclude that section 633.312 is not ambiguous. Section 633.312 requires that all known interested parties—who have not already joined as plaintiffs—be joined to a will contest as defendants when the action is filed. *See* Iowa Code § 633.312 ("In all actions to contest or set aside a will, all known interested parties who have not joined with the contestants as plaintiffs in the action, shall be joined with proponents as defendants."). And it imposes an independent duty on courts to "bring in" any additional interested persons as parties to the lawsuit as they become known. *Id.* ("When additional interested parties become known, the court shall order them brought in as party defendants."). Rule 1.234 similarly imposes an obligation on the court to order any indispensable parties not before the court to be "brought in." Iowa R. Civ. P. 1.234(3); *see also Tod v. Crisman*, 99 N.W. 686, 689 (Iowa 1904) ("The court must cause such persons to be brought in. It is not a matter of discretion, but of absolute judicial duty. The enforcement of this duty does not rest entirely upon

the parties to the record. If they should neglect to raise the question, and to apply for a proper order, the court, upon its own motion, will supply the omission, and will either bring in the new parties, or remand the cause in order that the plaintiff may bring them in." (quoting John Norton Pomeroy, *Remedies and Remedial Rights by the Civil Action, According to the Reformed American Procedure: A Treatise Adapted to Use in All the States and Territories Where That System Prevails Kindle Edition* 463 (1876))).

Here, Debra was joined as a defendant when Larry and Gary filed their original petition on October 3, 2018. She filed a joint answer with Sheryl on October 30. She actively participated in the litigation, including by filing a motion for summary judgment, defending herself and Richard's 2018 will in the first trial that ended in a hung jury, and making various pretrial filings leading up to the second trial. She remained a defendant until just before the second trial. And she did all this while being represented by the same counsel who represented Sheryl. It is undisputed, then, that the requirements of section 633.312 were satisfied. Cases involving heirs as indispensable parties who were *never* joined or brought into a will contest are of no assistance to our analysis. *See, e.g.*, *Moll v. Goedeke*, 25 N.E.2d 258, 261 (Ind. Ct. App. 1940) (en banc) ("In the instant case neither the executrix nor the trustees designated in the will were made parties in the caption of the complaint; nor were they alluded to by any allegation in the body of the pleading."); *In re Will of True*, 220 So. 3d 276, 277, 279 (Miss. Ct. App. 2017) (reversing chancery court judgment because "[t]he record shows that necessary parties to the will contest were not joined"); *Burke v. Kehr*, 826 S.W.2d 855, 862 (Mo. Ct. App. 1992) (considering whether dismissal of will contest petition was warranted by plaintiff's "fail[ure] to join and serve or show good cause as to why they did not join and serve with process . . . all the beneficiaries named in the will"); *C. de Baca v. Baca*, 388 P.2d 392, 397 (N.M.

1964) ("[W]e . . . base our decision on the fact that Gertrude Tafoya, the sole beneficiary, was never served, nor did she ever enter her appearance, and that being a necessary and indispensable party, the action could not proceed without her.").

The only remaining issue is whether section 633.312 or rule 1.234(3) precluded Debra from consenting to being dismissed from the lawsuit before the second trial began. Section 633.312 and rule 1.234(3) are notably silent as to whether indispensable parties who are initially joined or later brought into a will contest must remain to the end or whether they can be dismissed prior to final judgment with their consent. The parties offer opposing meanings to that silence, but "[w]e can neither add words to the statute [n]or eliminate them." *Moulton v. Iowa Emp. Sec. Comm'n*, 34 N.W.2d 211, 216 (Iowa 1948) ("The court is not at liberty to read into the statute provisions which the legislature did not see fit to incorporate, nor may it enlarge the scope of its provisions by an unwarranted interpretation of the language used." (quoting *Ford Motor Co. v. Appeal Bd. of Mich. Unemployment Comp. Comm'n*, 25 N.W.2d 586, 587–88 (Mich. 1947))); *see also Tweeten v. Tweeten*, 999 N.W.2d 270, 280 (Iowa 2023) ("[O]rdinarily, we may not, under the guise of judicial construction, add modifying words to the statute or change its terms." (quoting *Schultze v. Landmark Hotel Corp.*, 463 N.W.2d 47, 49 (Iowa 1990))). We cannot read additional requirements into the statute by deviating from its plain language. We conclude that section 633.312's joinder requirement was satisfied when Debra was joined as a party and actively participated in the proceedings, and it did not require her to remain until the end when she consented to dismissal. The appellees' argument under rule 1.234(3) is derived from their interpretation of section 633.312, so this conclusion also disposes of any argument under that rule.

In directing courts to bring in parties not yet before the court, section 633.312 demands those defendants "be brought in by serving them with notice pursuant to the rules of civil procedure." Iowa Code § 633.312. Bringing a person in as a party by serving them with notice helps ensure that the person has the same protection afforded defendants sued in a lawsuit by providing an opportunity to be heard before the court. In the context of indispensable parties, we have said that "[i]t is a fundamental principle that a party cannot be deprived of his property or civil rights, except by due process of law, or affected by judgments in actions and proceedings to which he is not a party, and in which he has not had his day in court." *Tod*, 99 N.W. at 690 (quoting *People ex rel. Corwin v. Walter*, 68 N.Y. 408 (1877)). But once a party has been successfully joined to a will contest action, those rights have been protected. Having been properly joined and participated, section 633.312 did not require the court to bring Debra back in (or to deny the motion to dismiss her) after she affirmatively agreed to be dismissed. In short, section 633.312 did not prevent the court from proceeding without Debra.

The district court got tied up in whether it had jurisdiction or authority to enter judgment in a will contest without all indispensable parties present. *See, e.g., In re Est. of Falck*, 672 N.W.2d 785, 791 (Iowa 2003) (discussing the interplay between Iowa Code section 633.6101, which confers subject matter jurisdiction on the trial court over a probate matter, and section 633.10(4)(*d*), which, "if at all applicable, merely provides the procedural mechanism for granting the court authority to hear a particular case"). But as we have held, neither section 633.312 nor rule 1.234(3) precludes an indispensable party, once joined, from consenting to dismissal. So, the district court's authority to proceed without Debra was not affected.

This is true even if Debra gave her consent without full appreciation of the potential consequences. *Cf. Schubert v. Barnholt,* 158 N.W. 662, 664 (Iowa 1916) ("Though she was shown not to have been aware of her right to elect whether she would take under the will and a distributive share, she, like all others, is presumed to have known the law and to have expressed her satisfaction with the provision made for in the will, with full knowledge of her right to choose."). Debra was represented by counsel when she consented to the dismissal without seeking to remain as a named party. To the extent the dismissal "waived" her right to remain in the case, the waiver of that right is no different than a party waiving the myriad other rights litigants waive by not timely raising them. *See, e.g., In re V.H.,* 996 N.W.2d 530, 537 (Iowa 2023) ("[V.H.'s] failure to raise the state constitutional claim [to be self-represented] in the district court means the claim is not preserved for appellate review."); *State v. Krogmann,* 804 N.W.2d 518, 520, 523 (Iowa 2011) (holding, despite "concerns about the propriety of the asset freeze," that defendant waived due process challenge to the order freezing his assets where he "did not raise any of the constitutional arguments" in the district court).

We hold that when a party, once joined and actively participating in a will contest, affirmatively agrees to be dismissed from the lawsuit without objection from any other party, section 633.312 has been satisfied and does not prevent their dismissal. The district court erred in concluding Debra's absence entitled Sheryl to a new trial after the jury entered its unfavorable verdict.

### III.

We reverse the district court's judgment. We remand for the district court to address any unresolved issues in the pending posttrial motions and for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**