# IN THE COURT OF APPEALS OF IOWA

————————————

No. 24-1568
Filed January 28, 2026

————————————

**In the Matter of the Estate of Lorraine Schultz, Deceased**

**Katrina Moreland, Keyli Kiefer, and Krista Nebendahl,**
Appellants.

————————————

Appeal from the Iowa District Court for Allamakee County,
The Honorable Richard D. Stochl, Judge.

————————————

**AFFIRMED**

————————————

Matthew J. Hemphill of Bergkamp, Hemphill & McClure, P.C., Adel,
attorney for appellants.

Max E. Kirk of Ball, Kirk & Holm, P.C., Waterloo, and Molly M. Parker of
Shuttleworth & Ingersoll, Cedar Rapids, attorneys for appellees.

————————————

Considered without oral argument
by Tabor, C.J., and Greer and Buller, JJ.
Opinion by Buller, J.

1

**BULLER, Judge.**

Katrina Moreland, Kayli Kiefer, and Krista Nebendahl (collectively the objectors) appeal the denial of their motion to dismiss a petition to set aside the will in the estate of Lorraine Schultz. Because a family settlement agreement (FSA) was included with and preempted the will in its initial filing, we find the district court did not err in ordering the will refiled and the statute of limitations to start from the new filing date after the FSA was invalidated on appeal. We affirm.

## BACKGROUND FACTS AND PROCEEDINGS

This case returns to us after remanded proceedings. In the first appeal for this estate, we explained the background circumstances:

> In July 2003, Lorraine—accompanied by Blaine—visited her attorney and changed her will. Lorraine's 2003 will divided the property into named farms and distributed them among her four children: four farms totaling 420 acres to Blaine; three farms totaling 151 acres for Jacquelyn, Annette, and Debbie to share equally; and one farm of 230 acres to be divided equally between all four children along with all of her other property. That division amounted to more than four times as many acres being given to Blaine compared to the other children: 477.5 acres total to Blaine, 107.83 acres to Jacquelyn, 107.83 acres to Annette, and 107.83 acres to Debbie. The 2003 will listed Blaine and Annette to be appointed executors of the estate. Because Blaine accompanied Lorraine to the attorney's office, he was aware of the 2003 will; Jacquelyn, Annette, and Debbie were not. Blaine and Debbie were also named Lorraine's attorneys in fact, though Debbie did not know this at the time. Blaine told Annette she no longer needed to help Lorraine with her finances and bills. Around the same time, Lorraine established a sixteen-year farm lease for Blaine with rent set at $70 per acre per year.

> When Jacquelyn, Annette, and Debbie eventually learned of the 2003 will in the summer of 2014, they, Blaine, and Lorraine met with an attorney to restore the 1998 will. The attorney consulted Lorraine privately and felt that she did not have testamentary capacity and thus could not

> change the 2003 will. The attorney suggested a [FSA] as an alternative, and Lorraine's four children entered into the July 2014 FSA that divided the farm property to be inherited from Lorraine equally among them.

*In re Est. of Schultz*, 10 N.W.3d 146, 148 (Iowa Ct. App. 2024). Annette, as executor, petitioned the district court to open probate, filed Lorraine's will along with the FSA, and mailed notice and copies of both to the beneficiaries. After the final report was filed distributing according to the FSA, Blaine's children—the objectors—objected, challenging the validity of the FSA. *Id.* at 149.

The district court for the initial action ruled to enforce the FSA. But our court determined on appeal that the FSA was rendered invalid when two of the signatory beneficiaries (Debbie and Blaine) died before the estate entered probate and their successor beneficiaries had not joined the agreement. *Id.* at 151. We observed "the district court did not expressly rule on the will's validity or any issues relating to timeliness, presumably because finding the FSA valid rendered the 2003 will an academic question." *Id.* So we remanded for the district court "to hold further proceedings on the validity of Lorraine's 2003 will." *Id.* at 152. No one applied for further review.

The day after procedendo issued, the district court ordered a review hearing. This April 12 order said "Lorraine's will was never offered for probate as the matter was resolved pursuant to the FSA. Therefore, the deadline to challenge the will does not begin to run until the will is offered for probate." The order went on to say, "the court will hear additional argument on that issue but it appears from the record that the will was filed but not for the purposes of following its direction."

All the beneficiaries and counsel attended the review hearing, which was not reported. There are no filings arguing about the issue of refiling the

will or the timeliness of the same. Ten days later, the executor filed a proposed procedure to move forward with probate and "allow all parties the opportunity to object, present evidence, and be heard regarding the matter of the validity of the 2003 will":

> The Executor proposes the following procedure be ordered by the district court to allow all interested parties the opportunity to raise objections to the 2003 will of Lorraine S. Schultz and present evidence in support of or opposition to said objections.
>
> a. The Executor will refile the July 9, 2003 will of Lorraine S. Schultz with the clerk of district court of Allamakee County;
>
> b. That the Executor shall send to all interested beneficiaries or devisees under the above described will notice in the form of Exhibit A advising that the will has been filed with the clerk of court for Allamakee County and further that said parties have 30 days within which to file any objection to the will;
>
> c. That any party wishing to file an objection to the July 9, 2003 will of Lorraine S. Schultz shall thereafter file a petition to set aside the probate of the will in the manner required by Iowa Code § 633.308.
>
> d. That upon any party filing a petition to set aside the will of July 9, 2003, the case shall then proceed in the manner of any will contest in order that a final adjudication of the validity of the 2003 will can be obtained, as required by the Iowa Court of Appeals.

On May 9, the court approved the executor's proposed procedure and directed her to proceed as outlined in her application. Again, no party filed an objection to or appealed the court's order.

The executor refiled Lorraine's will a few days later and mailed notices to all the beneficiaries. Within thirty days, Annette, Jacquelyn, and Debbie's children Jason and Joshua Hager (collectively plaintiffs) petitioned to set aside the will, alleging lack of testamentary capacity and undue influence. The objectors filed a pre-answer motion to dismiss, asserting the time to

4

challenge the will began at the time of original filing in 2019 and was not tolled by the intervening FSA litigation.

After a hearing—again unreported—the district court denied the objectors' motion to dismiss, finding

> Because the parties to the settlement agreement did not intend to follow the terms of the will, this court concludes the time to file a will contest action did not begin to run when the will was filed with the clerk. There was no reason for anyone to challenge the validity of the will as the parties believed that they had legally agreed to divide the estate assets outside of the will. The contestants should not be barred from challenging the will when they had no reason to believe it was being presented to the court for distribution pursuant to its terms.

The objectors appeal.

## PRESERVATION OF ERROR/JURISDICTION

Before we reach the merits of the objectors' claim, the plaintiffs claim the objectors failed to preserve error when they failed to appeal the court's May 9 order approving the procedure outlined by the executor. We think this challenge is more correctly understood as a challenge to appellate jurisdiction—the fight is over whether an appeal was timely taken, not whether a question was litigated below. The plaintiffs raised this issue in a pre-briefing motion to dismiss and resistance to the objectors' application for interlocutory appeal. And it appears the supreme court already resolved this question adversely to the plaintiffs by treating the objectors' application as a notice of appeal of right and effectively denying the plaintiffs' motion to dismiss. To the extent we could revisit the issue if we wanted to, we agree with the supreme court this appeal may proceed as of right. *See* Iowa Code § 633.36 (2024) ("All orders and decrees of the court sitting in probate are final decrees as to the parties having notice and those who have appeared

5

without notice."); *In re Est. of Troester*, 331 N.W.2d 123, 126 (Iowa 1983). And we do not think the objectors' appeal is untimely, as they contest the merits of the motion-to-dismiss ruling rather than the procedural order by which the matter arrived at hearing.

## STANDARD OF REVIEW

"We review the district court's ruling on a motion to dismiss for correction of errors of law." *In re Est. of Voss*, 553 N.W.2d 878, 880 (Iowa 1996).

## DISCUSSION

The objectors' claim boils down to asserting any challenge to the will had to happen in 2019 when the estate was originally opened, regardless of the five years of intervening proceedings regarding the validity of the FSA (which wholly altered the distribution from the 2003 will). Like the district court, we disagree.

Although the 2003 will was filed with the FSA from the very beginning, at no point in the probate process was the 2003 will the controlling document as to distribution. Regardless of any valid FSA, the executor was mandated by statute to file the 2003 will signed by Lorraine. *See* Iowa Code § 633.285 (establishing penalties for failing to deliver a will for filing). So the original filing of the 2003 will, in and of itself, does not guide our analysis. And where the FSA specifically renounces the will, there is not a will to probate; instead, as here, the court advances the terms of the FSA to divide the estate among beneficiaries. *See* 13 Julie L. Pulkrabek & Gary J. Schmit, *Iowa Practice Series: Probate* § 15:7 (2025 update). Under these circumstances, we think the filing of the FSA effectively served as notice of anticipated contest of the 2003 will and also was the contest's negotiated resolution. *See*

*In re Swanson's Est.*, 31 N.W.2d 385, 389 (Iowa 1948) ("[I]t is generally held the beneficiaries under a will may agree to disregard the instrument and have the estate distributed as intestate or in any other manner they see proper."). So once the FSA was filed, those wishing to contest the will but accepting the FSA resolution had no obligation to file a contest, as it was not yet a justiciable controversy. *See Smith v. Smith*, 230 N.W. 401, 403 (Iowa 1930) (finding the destruction of objections to a will after settlement to be consistent with good faith).

With the understanding that filing the FSA represented both a challenge and a resolution, we think the most equitable solution is to hold the filing and acceptance of the FSA tolled the statute of limitations under Iowa Code section 633.309 (2024). *Cf. In re Est. of Ditz*, 125 N.W.2d 814, 819 (Iowa 1964) ("[W]hen any interested person . . . institutes an action of filing his petition and serving any other interested person within the year period of limitation, the running of the statute as to all other interested parties is tolled and they may be added later with the same effect as though timely action was commenced against all."). This court invalidating the FSA on appeal thus restarted the clock on the statute of limitations, to the extent it had begun to run. And the district court's resolution—directing that the 2003 will be refiled without the FSA and notices re-sent as required by statute—was an equitable and logical solution, consistent with Iowa courts' treatment of proceedings after invalidation of a will. *Cf. Boehm v. Allen*, 506 N.W.2d 781, 785 (Iowa Ct. App 1993) (considering a jury instruction providing if the current will is determined to be invalid, the prior will is to be offered for probate); *Ditz*, 125 N.W.2d at 818 ("[A] determination in a will contest, be it before probate or in an original action after probate . . . , that the will is invalid, has the effect of invalidating the will in toto and as to everyone interested therein.").

Because the district court did not err in directing the refiling of the 2003 will or restarting the applicable deadlines to flow from that date, we affirm the district court's denial of the objectors' motion to dismiss.

**AFFIRMED.**